UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

ORLANDO RILEY

        Plaintiff,

        v.

MASSACHUSETTS STATE POLICE

        Defendant.

C.A. 1:15-cv-14137-DJC

**DEFENDANT'S ANSWER TO PLAINTIFF'S
FIRST AMENDED COMPLAINT AND JURY DEMAND**

Defendant Massachusetts State Police ("MSP")[1] hereby responds to Plaintiff's Amended Complaint as follows:

Introductory Statement

1. Paragraph 1 is introductory and no response is required. To the extent a response is deemed to be required, MSP denies the allegations contained in paragraph 1.

Parties

2. MSP is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 and, therefore, neither admits nor denies such allegations.

3. MSP admits the allegations in paragraph 3.

Jurisdiction and Venue

4. Paragraph 4 states a legal conclusion to which no response is required.

---

[1] Defendant notes for the record that while Trooper Robert Lima was named as a defendant in Plaintiff's original complaint (*see* Dkt. No. 1), Plaintiff's Amended Complaint no longer names Trooper Lima as a defendant and proceeds only against MSP. Defendant thus assumes that any claim against Trooper Lima has been voluntarily dismissed.

5. Paragraph 5 states a legal conclusion to which no response is required.

6. Paragraph 6 states a legal conclusion to which no response is required.

## Facts

7. MSP is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7 and, therefore, neither admits nor denies such allegations.

8. MSP is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 and, therefore, neither admits nor denies such allegations.

9. MSP admits that Riley took the Massachusetts State Police written examination. MSP further admits that this written examination is part of the preliminary screening process for the State Police Academy and that a candidate is appointed to the rank of Trooper after graduation from the Academy.

10. MSP admits the allegations in paragraph 10.

11. With respect to the allegations in the first sentence of paragraph 11, the letter speaks for itself. MSP admits the allegations in the second sentence of paragraph 11.

12. With respect to the allegations in paragraph 12, the written conditional offer of employment speaks for itself.

13. MSP admits that Riley submitted an application but notes that the application is dated May 2, 2011. MSP admits that Riley completed his physical fitness screening, his oral interview, and his medical and psychological screenings. MSP denies the allegations in the last sentence of paragraph 13.

14. MSP admits the allegations in paragraph 14.

15. MSP admits that Trooper Lima met with Riley on or about September 1, 2011 as part of his background investigation. MSP denies the remaining allegations in paragraph 15.

16. MSP denies the allegations in paragraph 16.

17. MSP admits that Trooper Lima asked Mr. Riley whether he had ever been the subject of an internal investigation and/or received a written reprimand.  MSP denies the remaining allegations in paragraph 17.

18. MSP is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 18 and, therefore, neither admits nor denies such allegations.  With respect to the allegations in the second sentence of paragraph 18, Riley's application speaks for itself.  MSP denies the allegations in the third sentence of paragraph 18.

19. MSP admits that Lima asked Riley about the high schools he attended during the interview.  MSP denies the remaining allegations in paragraph 19.

20. MSP denies the allegations in paragraph 20.

21. MSP denies the allegations in paragraph 21.

22. MSP denies the allegations in paragraph 22.

23. MSP denies the allegations in the first sentence of paragraph 23.  With respect to the allegations in the second sentence of paragraph 23, Trooper Lima's 9/7/11 report speaks for itself.

24. MSP admits that Trooper Lima did go to Plaintiff's house unannounced as part of his background investigation.  MSP denies the remaining allegations in paragraph 24.

25. MSP admits the allegations in paragraph 25.

26. With respect to the allegations in the first sentence of paragraph 26, Lima's report speaks for itself.  MSP denies the remaining allegations in paragraph 26.

27. With respect to the allegations in the first sentence of paragraph 27, Riley's report speaks

for itself.  MSP denies any characterization of that report contained within this sentence. With respect to the allegations in the second sentence of paragraph 27, MSP is without knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, neither admits nor denies such allegations.  With respect to the allegations in the third sentence of paragraph 27, Riley's report speaks for itself.  With respect to the allegations in the fourth sentence of paragraph 27, MSP is without knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, neither admits nor denies such allegations.

28. With respect to the allegations in paragraph 28, Trooper Lima's report speaks for itself. MSP denies the allegations that Riley had provided sufficient "explanatory documentation" at the interview regarding his credit report.

29. MSP admits the allegations in paragraph 29.

30. With respect to the allegations in paragraph 30, the letter speaks for itself.

31. MSP admits that Mr. Riley telephoned Trooper Lima on September 18, 2011.  MSP denies the remaining allegations in paragraph 31.

32. With respect to the allegations in the first sentence of paragraph 32, the application speaks for itself.  With respect to the allegations in the second sentence of paragraph 32, MSP is without knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, neither admits nor denies such allegations.

33. With respect to the allegations in the first sentence of paragraph 33, MSP is without knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, neither admits nor denies such allegations.  MSP denies the allegations in the second sentence of paragraph 33.

34. MSP is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34 and, therefore, neither admits nor denies such allegations. MSP further states that any such documentation would speak for itself.

35. With respect to the allegations in paragraph 35, Riley's letter and alleged documentation speaks for itself.

36. With respect to the allegations in paragraph 36, Lima's 9/28/11 report speaks for itself.

37. With respect to the allegations in paragraph 37, Lima's 9/28/11 report speaks for itself. MSP denies the characterizations of Lima's report contained within this paragraph.

38. With respect to the allegations in paragraph 38, Lima's 9/28/11 report speaks for itself. MSP denies the characterizations of Lima's report contained within this paragraph. MSP further denies that Riley had advised Trooper Lima during the first interview that Riley attended Dartmouth High School.

39. MSP is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 39 and, therefore, neither admits nor denies such allegations.

40. With respect to the allegations in paragraph 40, Trooper Lima's 9/28/11 report and the application speak for themselves.

41. With respect to the allegations in paragraph 41, Trooper Lima's 9/28/11 report speaks for itself. Any alleged documentation would speak for itself.

42. With respect to the allegations in paragraph 42, Trooper Lima's 9/28/11 report speaks for itself.

43. With respect to the allegations in paragraph 43, Flynn's letter speaks for itself.

44. MSP denies the allegations in paragraph 44.

45. MSP admits the allegations in paragraph 45.

46. With respect to the allegations in paragraph 46 concerning the three other candidates investigated by Trooper Lima who also failed their background investigations, those candidates' records speak for themselves.  With respect to the allegations in the final sentence of paragraph 46, MSP is without knowledge or information sufficient to form a belief as to the truth of these and, therefore, neither admits nor denies such allegations.

47. MSP denies the allegations in paragraph 47.

48. MSP denies the allegations in paragraph 48.

49. MSP denies the allegations in paragraph 49 that Riley was not treated with respect and professionalism during the application process.

50. MSP admits the allegations in paragraph 50.

51. MSP denies the allegations is paragraph 51, on information and belief.

52. MSP denies the allegations in paragraph 52.

53. Paragraph 53 states a legal conclusion to which no response is required.  To the extent a response is required, Riley's Charge of Discrimination speaks for itself.  MSP denies the allegations contained within Riley's EEOC Charge.

54. MSP is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 54 and, therefore, neither admits nor denies such allegations.

## Legal Claim

55. MSP repeats and incorporates by reference its responses to paragraphs 1-54 above.

56. Paragraph 56 states a legal conclusion to which no response is required.  To the extent a response is required, MSP denies the allegations in paragraph 56.

57. Paragraph 57 states a legal conclusion to which no response is required.  To the extent a response is required, MSP denies the allegations in paragraph 57.

All allegations that are neither admitted nor denied are hereby denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims would be barred if he failed to exhaust his administrative remedies.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims would be barred if they fell outside the relevant statute of limitations and/or any statutory requirements.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are not actionable because the challenged employment decision is justified by legitimate, non-discriminatory and non-pretextual reasons.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's alleged damages would be reduced and/or eliminated to the extent he failed to mitigate these damages.

### SIXTH AFFIRMATIVE DEFENSE

Interests and costs are not recoverable against MSP as an agency of the Commonwealth.

### SEVENTH AFFIRMATIVE DEFENSE

MSP hereby gives notice that it intends to rely upon such other and further defenses as may become available or apparent during discovery proceedings in this action and hereby reserves the right to amend its Answer and to assert any such defense by appropriate motion.

### JURY CLAIM

MSP demands a trial by jury as to all issues in this case.

        COMMONWEALTH OF MASSACHUSETTS
        By its Attorneys

        MAURA HEALEY
        ATTORNEY GENERAL


        /s/ Nicholas Rose_____
        Nicholas Rose (BBO #670421)
        Assistant Attorney General
        Office of the Attorney General
        Government Bureau / Trial Division
        One Ashburton Place, 18th Floor
        Boston, MA 02108
        Tel:  (617) 727-2200 x2081
        Nicholas.rose@state.ma.us


Date: April 29, 2016


## CERTIFICATE OF SERVICE

    I, Nicholas Rose, Assistant Attorney General, hereby certify that I have this day, April 29, 2016, served the foregoing document, upon all parties, by mailing a copy, first class, postage prepaid to:

James S. Weliky, Esq.
Ellen J. Messing, Esq.
Messing, Rudavsky & Weliky, P.C.
50 Congress Street
Boston, MA 02109

        /s/ Nicholas Rose_____
        Nicholas Rose
        Assistant Attorney General