UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| ORLANDO RILEY,<br>   Plaintiff | )<br>)<br>)<br>) |  |
| v. | )<br>) | Civil Action No.: 1:15-CV-14137-DJC |
| MASSACHUSETTS DEPARTMENT<br>OF STATE POLICE, | )<br>)<br>)<br>) |  |
|    Defendant | )<br>) |  |

**MOTION FOR ATTORNEY-CONDUCTED VOIR DIRE OF PROSPECTIVE JURORS,
ASSENTED-TO AS TO RELIEF REQUESTED**

  The Plaintiff hereby moves this Court to authorize attorney-led voir dire of the prospective juror panel, pursuant to Fed. R. Civ. P. 47(a) ("court may permit the parties or their attorneys to examine prospective jurors"). Defendant assents to the relief requested in this Motion. For his reasons, Plaintiff states:

  1.  Due process protections demand a fair and impartial jury. *See*, *e.g.*, *Smith v. Phillips*, 455 U.S. 209, 217 (1982) (jury must be able and willing to decide case only on evidence before it). Under reforms recently instituted in Massachusetts, judges have found that jurors impaneled through attorney-conducted voir dire "are more likely to be impartial" than those subjected only to questioning by the judge, and also found that the attorney-conducted voir dire process improved jury selection. *See* Hon. Dennis J. Curran, *Attorney-Directed Voir Dire Comes to Massachusetts: The Republic is Safe*, 22 Suffolk J. Trial & App. Advocacy 1, 23 (2016-2017), *citing* Nat'l Ctr. State Cts., *Implementing Attorney Participation in Voir Dire in the Superior Court of Massachusetts: A Judicial Education Project* 1 (Apr. 24, 2016).

  2.  Research supports attorney-conducted voir dire's efficacy in discovering potential

jurors' biases. First, open-ended questions asked to jurors by attorneys foster "an environment that promotes honest and candid feedback from each juror," in contrast with close-ended questions asked by judges, which "do[] not typically ferret out jurors who might have experiences or beliefs that could later affect the case." Litigation Insights, *Making the Case for the Benefits of Attorney-Conducted Voir Dire to Promote Juror Candor in Open Court* (May 15, 2014), *available at* http://litigationinsights.com/jury-selection-process/making-the-case-for-the-benefits-of-attorney-conducted-voir-dire-to-promote-juror-candor-in-open-court/, *citing* Valerie Hans and Alayna Jehle, *Avoid Bald Men and People with Green Socks? Other Ways to Improve the Voir Dire Process in Jury Selection*, 78 Chicago-Kent Law Rev. 1179 (2003).

   3. Second, "when the judge performs voir dire, he/she typically asks … if the juror can set [biases] aside and act as a fair and impartial juror …. [and] most panel members typically give in to pressure they perceive coming from the judge and state that they can set aside the bias, [even if they cannot]." *Id.* This is because jurors prioritize pleasing the judge over honesty in their responses, so they give socially desirable answers because "authority and status are strong factors that influence [truthful] disclosure." Curran, at 5-7; *accord*, Litigation Insights, *citing* Hans and Jehle. Jurors tend to be anxious and vigilant while questioned by a judge, which also inhibits candor. Attorneys' communications are less formal and thus "maximize the probability of juror candor[.]" Curran, at 14. *See also* Litigation Insights, *citing* Susan Jones, *Judge-Versus Attorney-Conducted Voir Dire: An Empirical Investigation of Juror Candor*, Law and Human Behavior, 11 (2), 131-146 (1987) (during mock voir dire, mock jurors changed their pre-impanelment questionnaire answers nearly twice as much when questioned by a judge versus an attorney; jurors give judge answers that they believe judge wants to hear, unlike attorney questioning).

4. Finally, courts' fears of attorney-conducted voir dire as time-consuming, expensive, and disliked by venire members have not been borne out by the evidence. Attorney-conducted voir dire does not take longer than judge-conducted voir dire. *See* Sheri Qualters, Mass. Lawyers Weekly, *Panel voir dire getting mostly good marks one year later* (Feb. 18, 2016), *citing* presentation by Hon. Maynard M. Kirpalani of data collected by Massachusetts Superior Court in its first year of attorney-conducted panel voir dire, discussing attorney-conducted voir dire more generally.

5. In Massachusetts, attorney-conducted voir dire has reduced, not increased, the Jury Commissioner's budget every year since its enactment. Curran, at 19. And attorney-conducted voir dire has been well-received by jurors. Jurors surveyed found that it was useful, lasted an appropriate length of time, involved appropriate questions, and did not violate their privacy or dignity. *See* Qualters, *citing* Kirpalani. It also did not decrease juror utilization, the percentage of jurors who report to the courthouse and participate in voir dire or a trial. *Id.*

6. Defendant assents to the relief requested in this Motion.

7. The parties are seeking to reach agreement regarding the specific form(s) of attorney-conducted voir dire to propose for this case, and shall come prepared to discuss any proposals at the Final Pretrial Conference on November 26, 2018.

**[remainder of page intentionally left blank]**

WHEREFOR, for the reasons set forth in this Motion, this Court should allow some attorney-led voir dire of the prospective jury panel.

Respectfully submitted,

PLAINTIFF
Orlando Riley
By his attorneys,

/s/ Ellen J. Messing
Ellen J. Messing, BBO No. 343960
emessing@mrwemploymentlaw.com
James S. Weliky, BBO No. 631066
jweliky@mrwemploymentlaw.com
Gavriela M. Bogin-Farber, BBO No. 686081
gbogin-farber@mrwemploymentlaw.com
Messing, Rudavsky & Weliky, P.C.
50 Congress St., Suite 1000
Boston, MA  02109
(617) 742-0004

## RULE 7.1 CERTIFICATION AND CERTIFICATE OF SERVICE

I, Ellen J. Messing, hereby certify that on November 8 and 9, 2018, counsel for Plaintiff conferred by telephone and electronic mail in good faith with opposing counsel concerning the within Motion, and Defendant assents to the relief requested, as described above.

I further certify that this document, filed through the ECF system, will be sent electronically today to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

/s/ Ellen J. Messing
Ellen J. Messing, Esq.

Dated: November 9, 2018