# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ORLANDO RILEY,  )<br>      Plaintiff  )<br>                 )<br>v.  )<br>                 )<br>MASSACHUSETTS DEPARTMENT  )<br> OF STATE POLICE  )<br>      Defendant  )<br>                 ) | Civil Action No.: 1:15-CV-14137-DJC |

## PLAINTIFF'S PROPOSED SPECIAL VERDICT FORM

Pursuant to Fed. R. Civ. P. 49(a), the plaintiff hereby requests that this Court require the jury to return its verdict in this case on the form provided herein.

Respectfully submitted,

PLAINTIFF
Orlando Riley

By his attorneys,

/s/ Ellen J. Messing
Ellen J. Messing
BBO No. 343960
emessing@mrwemploymentlaw.com
James S. Weliky
BBO No. 631066
jweliky@mrwemploymentlaw.com
Messing, Rudavsky & Weliky, P.C.
50 Congress St., 1000
Boston, MA 02109
(617) 742-0004

Dated: November 9, 2018

**Special Verdict Form**

1. Did MSP deny Officer Riley admission to MSP's 80th RTT on account of his race or color?

$$\text{Yes}\underline{\phantom{xxx}} \quad \text{No}\underline{\phantom{xxx}}$$

If "no," answer no further questions. If "yes," proceed to next question.

2. Was Officer Riley damaged or injured by that discrimination?

$$\text{Yes}\underline{\phantom{xxx}} \quad \text{No}\underline{\phantom{xxx}}$$

If "no," answer no further questions. If "yes," proceed to next question.

3. What is the dollar value of the damages that Officer Riley lost in MSP compensation?[1]

Lost Compensation through Trial                    $_____

Lost Future Compensation                           $_____

Proceed to next question.

4. Did Officer Riley experience emotional pain, suffering, humiliation, loss of reputation, mental anguish, loss of enjoyment of life or other noneconomic losses as a result of MSP's discrimination?

$$\text{Yes}\underline{\phantom{xxx}} \quad \text{No}\underline{\phantom{xxx}}$$

If "no," proceed to question 6. If "yes," proceed to next question.

---

[1] Plaintiff has moved in his Motion in Limine to Exclude After-Acquired Evidence of Alleged Misconduct (Doc. 195), in the alternative, that if this Court determines that defendant's proposed after-acquired evidence is deemed admissible, then it should be considered only by the Court in the exercise of the Court's equitable power to award back and front pay. It should not be presented to the jury because it is highly prejudicial, and would have no probative value if the Court decides back and front pay. Should this Court agree, then question 3 and questions 6-9 need not be presented to the jury since this Court will determine those elements of damages. However, should this Court rule otherwise, then plaintiff requests that questions 3, 6-9 be submitted to the jury as well.

2

5. What is the dollar value of the damages experienced by Ofc. Riley for that emotional pain, suffering, humiliation, loss of reputation, inconvenience, mental anguish, loss of enjoyment of life or other noneconomic losses?

$_____

Proceed to the next question.

**NOTE: QUESTIONS 6 -- 9 ARE OFFERED ONLY IN THE EVENT THAT THIS COURT DENIES PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE AFTER-ACQUIRED EVIDENCE OF ALLEGED MISCONDUCT (Doc. 195)**

6. If the MSP had admitted Officer Riley to the 80th RTT, and he was subsequently hired, and if the MSP had discovered that Officer Riley had been the subject of a 2006 citizen complaint against him, would the MSP have made an unbiased finding against Officer Riley that he intentionally withheld information about that complaint from his MSP application?

Yes____ No____

If "no," proceed to question 10. If "yes," proceed to the next question.

7. On what date would the MSP have made such a finding? _____

Proceed to the next question.

8. Would the MSP have terminated Officer Riley from employment under its existing employment practices as a result of its finding?

Yes____ No____

If "no," proceed to question 10. If "yes," proceed to the next question.

9. On what date would MSP have terminated Officer Riley? _____

Proceed to the next question.

10. What amount of prejudgment interest, if any, do you award on Officer Riley's damages?

$_____


**Questions 1-5, 10 Adapted from** <u>Draft proposed Pattern Jury Instructions for Cases of Employment Discrimination (Disparate Treatment) for the District Courts of the U.S. Court of Appeals for the First Circuit</u>, §9.3, at 66 (updated 4/10/12).  **Questions 6-9:**  <u>See</u> 1st Cir. Draft Jury Instructions, §9.1, at 54, 57; <u>McKennon v. Nashville Banner Publ. Co.</u>, 513 U.S. 352, 361-62 (1995); <u>O'Neill v. Runyon</u>, 898 F. Supp. 777, 781 (D. Colo. 1995). <u>See also</u> <u>Miranda v. Deloitte LLP</u>, 962 F. Supp. 2d 379, 386-87 (D.P.R. 2013)(when evaluating question of after-acquired evidence, courts must look to employer's actual employment practices and not just the standards outlined in its personnel manuals); <u>Palmquist v. Shinseki</u>, 729 F. Supp. 2d 425, 429 (D. Me. 2010)(for employer to obtain benefit of after-acquired evidence doctrine, employer must establish "not only that it <u>could</u> have fired an employee for the later-discovered misconduct, but that it <u>would</u> in fact have done so"), quoting <u>O'Day v. McDonnell Douglas Helicopter Co.</u>, 79 F.3d 756, 759 (9th Cir. 1996).

## CERTIFICATE OF SERVICE

     I, James S. Weliky, hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants, on November 9, 2018.

                                      /s/ James S. Weliky_____
                                      James S. Weliky, Esq.

Dated: November 9, 2018