**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| ORLANDO RILEY<br><br>    Plaintiff,<br><br>   v.<br><br>MASSACHUSETTS STATE POLICE<br><br>    Defendant. | C.A. 1:15-cv-14137-DJC |

## <u>DEFENDANT'S PROPOSED JURY INSTRUCTIONS</u>

   Pursuant to Federal Rule of Civil Procedure 51(a), Defendant Massachusetts State Police ("MSP") hereby respectfully requests that the Court include the attached Proposed Jury Instructions in its charge.

Respectfully submitted,

MASSACHUSETTS STATE POLICE

By its attorney,

MAURA HEALEY
ATTORNEY GENERAL,

/s/ Nicholas W. Rose
Dennis N. D'Angelo, BBO No. 666864
Nicholas W. Rose, BBO NO. 670421
Assistant Attorneys General
Government Bureau/Trial Division
One Ashburton Place, Room 1813
Boston, MA  02108
(617) 727-2200
dennis.dangelo@state.ma.us
nicholas.rose@state.ma.us

Date:  November 9, 2018

## CERTIFICATE OF SERVICE

I, Nicholas W. Rose, Assistant Attorney General, hereby certify that I have this day, November 9, 2018, served the foregoing upon the attorneys of record for all parties by filing it through the ECF system.

/s/ Nicholas W. Rose_____
Nicholas W. Rose

## **GENERAL INSTRUCTIONS**

**1.   Number of Witnesses**

The weight of the evidence is not necessarily determined by the number of witnesses testifying to the existence or nonexistence of any fact. You may find the testimony of a small number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

You are not bound to decide any issue of fact in accordance with the testimony of any number of witnesses that does not produce in your minds belief in the likelihood of truth, as against the testimony of a lesser number of witnesses or other evidence producing such belief in your minds.

The test is not which side brings the greater number of witnesses or takes the most time to present its evidence, but which witnesses and which evidence appeal to your minds as being most accurate and otherwise trustworthy.[1]

---

[1] Federal Jury Practice and Instructions (August 2018 Update).  3 Fed. Jury. Prac. & Instr. §104:54 (6th ed.)

2.   **Sympathy**

In many cases there is an element of sympathy which surrounds the trial. People involved in the case may be deserving of sympathy, but not in a courtroom and not by a jury, because sympathy is grounded in emotion, and a jury must consider only facts.

The courtroom is not the place for sympathy. Even more important, your jury room is not the place for sympathy. When you decide this case, you must decide this case on the basis of the facts as you find them. You must disregard sympathy and emotion, and you must focus on facts and facts alone. You must consider the evidence in a calm, dispassionate, analytical manner.[2]

---

[2] MCLE, Massachusetts Superior Court Civil Practice Jury Instructions § 1.2.2(b) (3d ed. 2014).

### 3. Employer's Right to Manage Employees

The anti-discrimination laws are not a general civility code.[3]  Work places are rarely idyllic retreats, and the mere fact that someone is displeased by an employer's act or omission or is treated unfairly does not make it actionable.[4]  Courts and juries do not sit as super personnel departments, assessing the merits—or even the rationality—of employers' nondiscriminatory business decisions.[5]  There is no duty to adopt a hiring procedure that maximizes the hiring of minority employees.[6]  Nor should the Court impose its subjective judgments of which person would best fulfill the responsibilities of a certain job.[7]  More must be shown than that the employer made an unwise personnel decision by hiring someone else instead of Plaintiff.[8]

---

[3] *Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 81 (1998).

[4] *Blackie v. Maine*, 75 F.3d 716, 725 (1st Cir.1996).

[5] *Mesnick v. General Electric Company*, 950 F.2d 816, 825 (1st Cir. 1991).  *Accord Furnco Construction Corp. v. Waters*, 438 U.S. 567, 578 (1978); *Petitti v. New England Tel. & Tel. Co.*, 909 F.2d 28, 31 (1st Cir. 1990).

[6] *Furnco Construction Corp. v. Waters*, 438 U.S. 567, 577-78 (1978)

[7] *Petitti v. New England Tel. & Tel. Co.*, 909 F.2d 28, 31 (1st Cir. 1990).

[8] *Rathburn v. Autozone, Inc.*, 361 F. 3d 62, 74 (1st Cir. 2004).

**4.   Nature of Plaintiff's Claim**

It is unlawful for an employer to intentionally refuse to hire any person because of said person's race.  Plaintiff claims defendant intentionally discriminated against him because of his race.  Defendant denies this charge.  It is your responsibility to decide whether Plaintiff has proven his claim of intentional discrimination by defendant by a preponderance of the evidence.[9]

---

[9] Federal Jury Practice and Instructions (August 2018 Update).  3 Fed. Jury. Prac. & Instr. §171:1 (6th ed.)

**5. Intent**

Plaintiff must show defendant intentionally discriminated against plaintiff. Plaintiff, however, is not required to produce direct evidence of intentional discrimination. Intentional discrimination may be inferred from the existence of other facts.[10]

---

[10] Federal Jury Practice and Instructions (August 2018 Update).  3 Fed. Jury. Prac. & Instr. §171:26 (6th ed.).

**6.  Elements of Prima Facie Case of Race Discrimination**

As to his race discrimination claim, Plaintiff must begin by proving all of the following elements by a preponderance of the evidence:

1.  He is a member of a protected class:

2.  He was qualified for the position to which he applied;

3.  He applied to that position and was not hired; and

4.  The position to which he applied was filled by a person possessing similar or inferior qualifications.[11]

If you determine that plaintiff has failed to prove one or more of these elements by a preponderance of the evidence, you must return a verdict for the defendant.

---

[11] *Cruz v. Mattis*, 861 F.3d 22, 25 (1st Cir. 2017).

### 7.   Definition of a Person With Similar or Inferior Qualifications

Regarding the fourth element, plaintiff must point to someone who was hired who had roughly equivalent qualifications and who was similar to Plaintiff in all material respects.  In other words, apples should be compared to applies.  The test is whether a prudent person, looking objectively at the incidents, would think them roughly equivalent and the protagonists similarly situated.  Comparators cannot have differentiating or mitigating circumstances that would distinguish their conduct or an employer's treatment of them for it.[12]

---

[12] *Goncalves v. Plymouth Cty. Sheriff's Dep't*, 659 F.3d 101 (1st Cir. 2011); *Dartmouth Review v. Dartmouth Coll.*, 889 F.2d 13, 19 (1st Cir. 1989); *Rodriguez-Cuervos v. Wal-Mart Stores, Inc.*, 181 F.3d 15, 21 (1st Cir. 1999)

8.  **Legitimate Non-Discriminatory Reason**

If you find that plaintiff has shown the four elements of his prima facie case that I have described, you must then decide if defendant has stated a reason, other than discrimination, for not hiring Plaintiff.  All that is required of Defendant is that it articulate a legitimate, non-retaliatory reason for its decision not to hire Plaintiff.[13]  If you determine defendant has stated such a reason, then you must decide in favor of defendant unless plaintiff proves by a preponderance of the evidence that the stated reason was not the true reason, but was only a pretext or excuse for defendant's discriminating against plaintiff because of plaintiff's race.[14]

Defendant's burden to articulate such a legitimate, non-discriminatory reason is not a heavy burden.  Witnesses for the defendants testified that they did not hire Plaintiff because they perceived him to be untruthful during the application process.  Even if you think that the defendant was wrong to doubt Plaintiff's truthfulness, this is a legitimate reason because it is not discriminatory.  If you believe that defendant's reasons for not hiring Plaintiff are genuine, you should find for defendant. [15]

---

[13] *Davila v. Corporacion De Puerto Rico Para La Difusion Publica*, 498 F. 3d 9, 16 (1st Cir. 2007).
[14] Federal Jury Practice and Instructions (August 2018 Update).  3 Fed. Jury. Prac. & Instr. §171:77 (6th ed.).
[15] *Davila*, 498 F. 3d at 16.

**9. Pretext**

To disprove defendant's stated legitimate non-discriminatory reason for not hiring plaintiff, plaintiff must prove that this articulated reason is a pretext and that the true reason Plaintiff was not hired was discrimination.  Plaintiff must provide you with specific facts that would enable you to find that defendant's articulated reason is "a sham intended to cover up the employer's real motive: [race] discrimination."[16]  In assessing pretext, your focus must be on the perception of the defendant, that is, whether the defendant believed its stated reason for not hiring plaintiff to be credible.[17]  Plaintiff must show more than that defendant's perception was incorrect, he must show that defendant did not believe in the accuracy of its perception.  Put another way, the question is not whether Plaintiff's or Trooper Lima's version is the true one, but whether Trooper Lima and Defendant believed their version.[18]

---

[16] *Mesnick v. General Electric Company*, 950 F.2d 816, 824 (1st Cir. 1991).

[17] *Id.*

[18] *Thompson v. Coca-Cola Co.*, 522 F. 3d 168, 177 (1ˢᵗ Cir. 2008)

**10. Business Judgment**

When assessing plaintiff's claim of pretext, you should focus on the motivation of the defendant, and not its business judgment.[19]

Even if an employer is mistaken and its business judgment is wrong, an employer is entitled to make its own policy and business judgment. An employer may make those employment decisions as it sees fit, as long as it is not unlawful.

In determining whether defendant's stated reason for its actions was a pretext for discrimination, you may not question defendant's business judgment. Pretext is not established just because you disagree with the business judgment of defendant, unless you find that defendant's reason was a pretext for discrimination.[20]

Your role is not to sit as a super-personnel department that reexamines an entity's business decisions.  Instead, your task is to determine whether defendant believed in the accuracy of its reason given for not hiring plaintiff.[21]

Although an employer's judgment or course of action may seem poor or erroneous to outsiders, the relevant question is simply whether the given reason was a pretext for illegal discrimination. The employer's stated legitimate reason must be reasonably articulated and nondiscriminatory, but it does not have to be a reason that you, the jury, would act on or approve.  The reasonableness of the employer's reasons may of course be probative of whether the reasons are pretexts. You must keep in mind, however, that your

---

[19] *Kelley v. Airborne Freight Corp.,* 140 F.3d 335, 351 n.6 (1st Cir. 1998).
[20] Federal Jury Practice and Instructions (August 2018 Update).  3 Fed. Jury. Prac. & Instr. §171:75 (6th ed.)
[21] *Espinal v. Nat'l Grid NE Holdings 2, LLC*, 693 F.3d 31, 35 (1st Cir. 2012)

focus is to be on the defendants" (employer's) motivation and not on their business

judgment.[22]

---

[22] *Loeb* v. *Textron, Inc.,* 600 F.2d 1003, 1012 n.6 (1st Cir. 1979).

**11. Determinative Cause**

If you find that the Defendant had discriminatory animus against the Plaintiff, you must also decide whether this animus was the determinative cause of Plaintiff not getting hired.[23]  That is, you must determine whether, but for the discrimination, Plaintiff would have been hired.  If you decide that discrimination was the determinative factor in Plaintiff not being hired, you should find for Plaintiff.  On the other hand, if you decide that Plaintiff would not have been hired without regard to discrimination – that is, even if no discrimination had taken place – then you should find for the defendant.  In other words, if the cause of Plaintiff's failing to be hired was his untruthfulness, his lack of attention to detail or anything besides race, his claim must fail.[24]

---

[23] *Rodriguez-Cuervos v. Wal-Mart Stores, Inc.*, 181 F.3d 15, 22 n. 5 (1st Cir.1999).
[24] *Holloway v. Thompson Island Outward Bound Educ. Ctr., Inc.*, 275 Fed. Appx. 25, 26 (1st Cir. 2008)

## 12. After Acquired Evidence

Defendant contends it would have made the same decision to not hire plaintiff because plaintiff failed to disclose either on his application or during his interview that he was the subject of a citizen's complaint concerning the Stallings investigation.

If defendant proves by a preponderance of the evidence that it would have made the same decision and would not have hired or would have terminated plaintiff because of his failure to disclose the Stallings investigation, you should limit any award of back pay to the date defendant would have made the decision to not to hire plaintiff as a result of the after-acquired information.[25]

---

[25] Federal Jury Practice and Instructions (August 2018 Update).  3 Fed. Jury. Prac. & Instr. §171:73 (6th ed.)

**13. Expert Witness**

The rules of evidence ordinarily do not permit witnesses to testify as to opinions or conclusions. There is an exception to this rule for "expert witnesses." An expert witness is a person who by education and experience has become expert in some art, science, profession, or calling. Expert witnesses give state their opinions as to matters in which they profess to be expert, and may also state their reasons for their opinions.

You should consider each expert opinion received in evidence in this case, and give it such weight as you think it deserves. If you should decide the opinion of an expert witness is not based upon sufficient education and experience, or if you should conclude the reasons given in support of the opinion are not sound, or if you feel the expert's is outweighed by other evidence, you may disregard the opinion entirely.[26]

---

[26] Federal Jury Practice and Instructions (August 2018 Update).  3 Fed. Jury. Prac. & Instr. §104:40 (6th ed.)

**14. Statistical Evidence**

Statistics should be considered with care. They are not irrefutable, and, like any other kind of evidence, they may be rebutted.[27]

---

[27] Federal Jury Practice and Instructions (August 2018 Update).  3 Fed. Jury. Prac. & Instr. §104:43 (6th ed.).

**15. Damages Instruction No Indication of Merits**

The fact that I am instructing you on damages is not an indication by me that I believe you should reach the question of damages or that any damages are appropriate.  I am merely providing you now with all of the law you may need to render a complete verdict, in the event you reach that issue.

**16. Emotional Distress Damages**

Plaintiff seeks to recover damages for emotional distress which he claims defendant caused him to suffer.  If you find the defendant discriminated against plaintiff based on plaintiff's race, it will be up to you to determine what amount, if any, Plaintiff may recover for emotional distress damages.  A finding of discrimination, by itself, is not sufficient to permit an inference of, or a presumption of, emotional distress.[28]

You may award damages for emotional pain and suffering if you determine that Plaintiff has proven by a preponderance of the evidence that he has experienced such emotional pain and suffering.  You may award damages only for injuries plaintiff proves were caused by defendant's allegedly wrongful conduct.[29]  Emotional distress existing from circumstances other than the actions of the defendant, such as the actions of the New Bedford Police Department is not compensable.[30]

No evidence of the monetary value of such intangible things as pain and suffering has been, or need be, introduced into evidence. There is no exact standard for fixing the compensation to be awarded for these elements of damage. Any award you make should be fair in light of the evidence presented at the trial.

In determining the amount of any damages you decide to award, you should be guided by common sense. You must use sound judgment in fixing an award of damages, drawing reasonable inferences from the facts in evidence. You may not award damages based on sympathy, speculation, or guesswork. On the other hand, the law does not

[28] EEOC: Policy Guide on Compensatory and Punitive Damages Under 1991 Civil Rights Act (July 7, 1992), cited in *Stonehill College v. MCAD*, 441 Mass. 549, 576 (2004).
[29] Federal Jury Practice and Instructions (August 2018 Update).  3 Fed. Jury. Prac. & Instr. §171:90 (6th ed.).
[30] *Stonehill College v. MCAD*, 441 Mass. 549, 576 (2004).

require that plaintiff prove the amount of his losses with mathematical precision, but only with as much definiteness and accuracy as circumstances permit.[31]

Finally, distress arising from his lawsuit, or legal expenses incurred in this lawsuit must not be included in these damages.[32]

---

[31] Federal Jury Practice and Instructions (August 2018 Update).  3 Fed. Jury. Prac. & Instr. §171:90 (6th ed.).
[32] *See Zimmerman v. Direct Fed. Credit Union*, 262 F.3d 70, 79 (1st Cir. 2001).

**17. Mitigation of Damages**

Plaintiff must make every reasonable effort to minimize or reduce plaintiff's damages for loss of compensation by seeking employment. This referred to as "mitigation of damages." Defendant must prove by a preponderance of the evidence that plaintiff failed to mitigate plaintiff's damages for loss of compensation.

If you determine plaintiff is entitled to lost compensation, you must reduce the loss by:

1. what plaintiff earned and

2. what plaintiff could have earned by reasonable effort during the period from plaintiff's discharge until the date of trial.

Plaintiff must accept employment that is "of a like nature." In determining whether employment is "of a like nature," you may consider

1. the type of work,

2. the hours worked,

3. the compensation,

4. the job security,

5. the working conditions, and

6. other conditions of employment.

You must decide whether plaintiff acted reasonably in not seeking or accepting a particular job. If you determine plaintiff did not make reasonable efforts to obtain another similar job, you must decide whether any damages resulted from plaintiff's failure to do so.

You must not compensate plaintiff for any portion of plaintiff's loss of compensation resulting from plaintiff's failure to make reasonable efforts to reduce plaintiff's loss of compensation.[33]

---

[33] Federal Jury Practice and Instructions (August 2018 Update).  3 Fed. Jury. Prac. & Instr. §171:95 (6th ed.).