UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ORLANDO O. RILEY,<br>    Plaintiff<br><br>v.<br><br>MASSACHUSETTS DEPARTMENT<br>OF STATE POLICE,<br>    Defendant | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)    Civil Action No.: 1:15-CV-14137-DJC<br>)<br>)<br>) |

## PLAINTIFF'S MOTION TO ALTER OR AMEND THE JUDGMENT

Plaintiff hereby moves pursuant to Fed. R. Civ. P. 59(e) to alter or amend the judgment entered in this case on December 12, 2018 (Doc. 249)(the "Judgment"). Specifically, plaintiff requests that this Court order that plaintiff be instated in the next available Recruit Training Troop ("RTT") Academy offered by defendant; impose prejudgment interest on the $130,000 damages award set forth in the Judgment; and impose statutory postjudgment interest running from the date of the Judgment. Plaintiff has attached a proposed form of judgment as "Attachment 1" hereto for the Court's convenience. For his reasons, plaintiff states:

### INSTATEMENT

1. This Court has authority under Title VII to order appropriate equitable relief upon a finding of intentional discrimination, 42 U.S.C. §2000e-5(g)(1), including the preferred remedy of instatement into the position the plaintiff was discriminatorily denied. See, e.g., Darnell v. Jasper, 730 F.2d 653, 655-56 (11th Cir. 1984); Geraty v. Vill. of Antioch, 2014 U.S. Dist. LEXIS 51695, at *9-12 (N.D. Ill. 2014); Cowan v. Unified Sch. Dist. 501, 2004 U.S. Dist. LEXIS 27814 (D. Kan. 2004).

2. The remedial scheme in Title VII is designed to make a plaintiff whole through the use of equitable remedies. Selgas v. Am. Airlines, Inc., 104 F.3d 9, 12 (1st Cir. 1997), citing Albemarle Paper Co. v. Moody, 422 U.S. 405, 418 (1975). These remedies are intended to "bring the plaintiff to the position which s/he would have occupied but for the illegal act(s)." Id.

3. Where plaintiff is denied entry into employment, the preferred remedy is instatement. Selgas, at 12 ("[u]nder Title VII, the first choice is to reinstate the plaintiff at the original employer; this accomplishes the dual goals of providing full coverage for the plaintiff and of deterring such conduct by employers in the future"); Darnell, 730 F.2d at 655-56 (money damages rarely make whole a person who was discriminatorily denied employment, whereas "instatement goes a long way toward removing the ill effects" of such discrimination; in Title VII non-hire case, ordering instatement as police officer where background investigation was biased, assuming plaintiff passes test not yet taken). See also Valentin-Almeyda v. Municipality of Aguadilla, 447 F. 3d 85, 105 (1st Cir. 2006)(reinstatement is preferred remedy; affirming police officer's reinstatement where termination was discriminatory and retaliatory); Geraty, 2014 U.S. Dist. LEXIS 51695, at *9-12 (instatement is preferred remedy; ordering instatement of police officer into sergeant position in Title VII non-promotion case); Cowan, 2004 U.S. Dist. LEXIS 27814, at *3 (instatement "should be ordered whenever possible"; ordering instatement into next available position in Title VII non-hire case); Carr v. Fort Morgan Sch. Dist., 4 F. Supp. 989, 996 (D. Colo. 1998)(relying on Title VII precedent in ADA non-hire case, instating plaintiff into teaching position, which "disposition best facilitates the remedial purposes" of the statute); O'Sullivan v. City of Chicago, 540 F. Supp. 2d 981, 984 (N.D. Ill. 2008)(reinstatement is preferred remedy; ordering promotion of police officer in Title VII non-promotion case); James v. Norton, 176 F. Supp. 2d 385, 388-92 (E.D. Pa. 2001)(district court must be guided by

goals of "make-whole relief and deterrence" and ordering reinstatement meets these goals; courts award promotions retroactively where plaintiffs were qualified but denied on discriminatory basis; ordering public employer to retroactively promote Title VII plaintiff to higher-grade position, even though will require creating new position); Legault v. aRusso, 842 F. Supp. 1479, 1491-92 (D.N.H. 1994).

4. Here, plaintiff has established his entitlement to the position sought in several ways. First, there is no dispute that he completed all qualifying requirements for entry into the 80th RTT (medical exam, psychological exam, physical ability test, oral board interviews), other than the discriminatory background investigation at issue in this case. Second, the jury found that defendant denied plaintiff admission to the 80th RTT on account of his race or color (Doc. 245). Third, it is undisputed that if a candidate met all other qualifications—as plaintiff did— he or she would have been admitted to the Academy.

5. None of the factors apply here that might preclude instatement in other circumstances. See Che v. Mass. Bay Transp. Auth., 342 F.3d 31, 43 n.1, 44 (1st Cir. 2003)(listing factors; litigation-based antagonism between plaintiff and employer caused by litigation not sufficient to deny reinstatement); Geraty, 2014 U.S. Dist. LEXIS 51695, at *10-11 (no evidence that instatement would cause working relationship "fraught with hostility and friction"; if resentment related to plaintiff's lawsuit were held to preclude instatement, instatement would be the exception and not the rule as it is); O'Sullivan, 540 F. Supp. 2d at 983-84 (same); Carr, 4 F. Supp. 2d at 995-96 (animosity between parties because of litigation, but no evidence of "insurmountable hostility" that would prevent plaintiff from performing job duties).

6. The make-whole remedy here must, therefore, be admission to the RTT Academy. See Geraty, 2014 U.S. Dist. LEXIS 51695, at *10 (by determining that reason for plaintiff's non-

promotion was discriminatory, jury found plaintiff was qualified for promotion). Further, should plaintiff successfully complete and graduate from the Academy, any make-whole remedy must insure that he be instated in the Massachusetts State Police with the compensation and seniority commensurate with a trooper who had been employed by the MSP since graduation from the 80th RTT in 2012.

## PRE-JUDGMENT INTEREST

7. Plaintiff is entitled to pre-judgment interest. Thurber v. Jack Reilly's, Inc., 521 F. Supp. 238, 243 (D. Mass. 1981). The Court should award pre-judgment interest in order to make plaintiff—a discrimination victim—whole. See, e.g., Loeffler v. Frank, 486 U.S. 549, 557-58 (1988)(pre-judgment interest is "an element of complete compensation" in Title VII case) (citations omitted); Torres v. Caribbean Forms Mfr., 286 F. Supp. 2d 209, 222 (D.P.R. 2003)(interest should be awarded on back pay so as not to punish plaintiff for delays of litigation); Bridges v. Eastman Kodak Co., 1996 U.S. Dist. LEXIS 809, at *48-49 (S.D.N.Y. Jan. 26, 1996)(ordinarily is abuse of discretion not to award pre-judgment interest on backpay award); Eldred v. Consolidated Freightways Corp., 907 F. Supp. 26, 28 (D. Mass. 1995)(pre-judgment interest necessary to effectuate Title VII's policy of fully compensating plaintiff); Chang v. University of R.I., 606 F. Supp. 1161, 1274-75 (D.R.I. 1985)(those harmed by employer's discrimination should receive pre-judgment interest in order to further Title VII's remedial and restorative purpose).

8. Neither Title VII nor any applicable federal statute prescribes a pre-judgment interest rate. Federal statute provides a rate for post-judgment interest but is silent as to pre-judgment interest. See 28 U.S.C. §1961(a). Accordingly, the Court should look to state law for guidance in determining the pre-judgment interest rate. Velez v. Puerto Rico Marine

Management, Inc., 957 F.2d 933 (1st Cir. 1992)("because the Act is silent as to pre-judgment interest and the granting of pre-judgment interest falls under the equitable powers of the district court, the court may look to state law in setting the pre-judgment interest rate") following Hansen v. Continental Ins. Co, 940 F.2d 971, 984 (5th Cir. 1991)(where a claim is governed by a federal statute, and the statute is silent on the issue of pre-judgment interest, "state law is an appropriate source of guidance").

9. Here, the relevant Massachusetts state law is the pre-judgment interest rate statute applicable to Title VII's cognate state statute, Mass.Gen.Laws c. 151B: Mass.Gen.Laws c. 231, §6B. See DeRoche v. Mass. Comm'n Against Discr., 447 Mass. 1, 14 (2006). Chapter. 231, §6B sets a rate of 12% simple interest per annum from the date of commencement of the action. That rate should be applied in this case. See Velez, 957 F.2d at 941 (in absence of federal statute setting pre-judgment interest in ERISA case, trial court properly looked to Puerto Rico law to set a 12% interest rate); Schuyler v. Schuyler Gen. Contractors, 1995 U.S. Dist. LEXIS 8513, at *11-12 (D.N.H. April 21, 1995)(applying state pre-judgment interest rate in ERISA case) citing Velez, supra. See also Hylind v. Xerox Corp., 749 F. Supp. 2d 340, 351 (D. Md. 2010), vacated in part on other grounds, 481 Fed. Appx. 819 (4th Cir. 2012)(applying state pre-judgment interest rate in Title VII case because state rate "reflects the lost time-value of money" in the forum state); Kostic v. Texas A&M Univ. at Commerce, 2015 U.S. Dist. LEXIS 106467, at *4-5 (N.D. Tex. Aug. 13, 2015)(Title VII); Miller v. HSBC Fin. Corp., 2010 U.S. Dist. LEXIS 68342, at *2-3 (D.S.C. July 9, 2010)(Title VII); Proffitt v. Veneman, 2002 U.S. Dist. LEXIS 21906, at *9-11 (W.D. Va. Nov. 6, 2002)(Title VII). Accord, Umholtz v. Kansas Dep't of Social & Rehabilitation Servs., 2013 U.S. Dist. LEXIS 153993, at *2-3 (D. Kan. Oct. 28,

2013)(Rehabilitation Act case); Thom v. American Standard, Inc., 2009 U.S. Dist. LEXIS 29120, at *15 (N.D. Ohio Apr. 8, 2009)(FMLA).

10. Any award of interest should be compounded. The purpose of pre-judgment interest is to compensate plaintiff for the loss of use of funds of which he was deprived. Pegues v. Mississippi State Employment Service, 899 F.2d 1449, 1453 (5th Cir. 1990). Interest serves as a substitute for an increase in value that could have been realized through investment or other beneficial uses. That increase in value necessarily includes any growth in value of prior increases in value already earned, or "interest on interest." Cooper v. Paychex, Inc., 960 F. Supp. 966, 975 (E.D. Va. 1997), aff'd. 163 F.3d 598 (4th Cir. 1998)(table decision). Thus, increases in the value of prior earned interest must be included in the award by compounding any interest award. See Hylind, supra:

> In light of the "make-whole" purpose of Title VII, the Court will also compound the interest annually instead of awarding simple interest. But for Xerox's conduct, Hylind would have had access to this money during the back pay period and would have been able to earn interest not only on the principal amounts, hut also on accumulated interest. Compounding the interest reflects this economic reality and reasonably furthers the goal of placing Hylind in the position where she would otherwise have been.

749 F. Supp. 2d, at 351 citing Cooper, 960 F. Supp. at 975 (state prejudgment interest rate applied in Title VII case and compounded: "common sense and the equities dictate an award of compound interest"; compound interest award necessary to make plaintiff whole). See also Saulpaugh v. Monroe Cmty. Hosp., 4 F.3d 134, 145 (2d Cir. 1993)(in Title VII case, plaintiff can only be made whole by awarding compound interest; trial court abused its discretion by awarding only simple interest, effectively giving defendant interest-free loan); Brown v. Mountainview Cutters, LLC, 222 F. Supp. 3d 504, 511 (W.D. Va. 2016)(compound interest awarded in Title VII case); EEOC v. A.C. Widenhouse, Inc., 2013 U.S. Dist. LEXIS 24351 (M.D.N.C. Feb. 22, 2013)(same). Cf. Nero v. Indus. Molding Corp., 167 F.3d 921, 925 n.2 (5th

Cir. 1999)( compound interest awarded in FMLA case); <u>EEOC v. Serv. Temps, Inc.</u>, 2010 U.S. Dist. LEXIS 130191 (N.D. Tex. Dec. 9, 2010)(compound interest awarded in ADA case); <u>McDonald v. Pension Plan of the NYSA-ILA Pension Trust Fund</u>, 2001 U.S. Dist. LEXIS 15534, *12-*13 (compound interest awarded on damages award in ERISA case).

11. Interest should be paid on plaintiff's emotional distress damages as well as his backpay damages. <u>Trainor v. HEI Hospitality LLC</u>¸ 2012 U.S. Dist. LEXIS 4558, at *23, n. 4 (D. Mass. Jan. 13, 2012), <u>aff'd in part</u> and <u>vacated in part on other grounds</u>, 699 F.3d 19 (1st Cir. 2012). See also <u>Thomas v. Texas Dep't of Criminal Justice</u>, 297 F.3d 361, 372 (5th Cir. 2002)(affirming trial court's award of prejudgment interest on emotional distress award); <u>Robinson v. Instructional Sys.</u>, 80 F. Supp. 2d 203, 207-208 (S.D.N.Y. 2000)(awarding prejudgment interest on back pay and emotional distress award in Title VII case due to need to make plaintiff whole), <u>relying on</u> <u>Worthington v. City of New Haven</u>, 1999 U.S. Dist. LEXIS 16104 (D.Conn. 1999) and <u>Perdue v. City University of New York</u>, 13 F. Supp. 2d 326, 342 (E.D.N.Y. 1998).

## **POST-JUDGMENT INTEREST**

12. Plaintiff is entitled to post-judgment interest, calculated from the date of entry of the Judgment. 28 U.S.C. § 1961(a); <u>Foley v. Lowell</u>, 948 F.2d 10, 22 (1st Cir. 1991)(and cases cited)(post-judgment interest is "obligatory").

## **CONCLUSION**

WHEREFOR, plaintiff respectfully requests that the Court alter or amend the Judgment

to order instatement and the imposition of pre- and post-judgment interest.

          Respectfully submitted,

          PLAINTIFF
          Orlando Riley

          By his attorneys,

          /s/ Ellen J. Messing
          Ellen J. Messing
          BBO No. 343960
          emessing@mrwemploymentlaw.com
          James S. Weliky
          BBO No. 631066
          jweliky@mrwemploymentlaw.com
          Messing, Rudavsky & Weliky, P.C.
          50 Congress St., 1000
          Boston, MA 02109

Dated: January 9, 2019          (617) 742-0004

## CERTIFICATION PURSUANT TO LOCAL R. 7.1

    I, James S. Weliky, attorney for plaintiff, do hereby certify that I conferred with counsel for defendant regarding the within motion by e-mail on January 9, 2019. The parties were unable to resolve their differences.

          /s/James S. Weliky
          James S. Weliky, Esq.

Dated: January 9, 2019

## CERTIFICATE OF SERVICE

    I, James S. Weliky, hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants, on January 9, 2019.

          /s/ James S. Weliky
          James S. Weliky

Dated: January 9, 2019

# ATTACHMENT 1

# FORM OF JUDGMENT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ORLANDO O. RILEY,<br>         Plaintiff<br><br>v.<br><br>MASSACHUSETTS DEPARTMENT<br> OF STATE POLICE,<br>         Defendant | Civil Action No.: 1:15-CV-14137-DJC |

## AMENDED JUDGMENT

After trial, and after decision on Plaintiff Orlando Riley's Motion to Alter or Amend the Judgment, it is hereby ordered and adjudged that:

1.    Judgment shall enter for the plaintiff on his complaint for discrimination in the amount of $79,000.00 in back pay, and $51,000.00 in emotional distress.

2.    Judgment shall enter instating plaintiff into the next available Massachusetts State Police Recruit Training Troop Academy on the same terms and conditions as all other enrollees, and upon successful completion and graduation, instatement as a Trooper First Class, at the rate and with the benefits and seniority he would have accrued by his instatement date as a trooper had he successfully completed the 80th RTT.[1]

## ORDER

Defendant is to pay plaintiff damages in the amount of $130,000.00.  Prejudgment interest is to be paid on the damages awarded from December 14, 2015 to the date of Final

---

[1] Per this Court's December 17, 2018 order (Doc. 251), this Form of Judgment does not include an award of attorneys' fees and costs, which will be decided by separate motion and briefing subsequently.

Judgment at the interest rate of 12% compounded annually in the amount of $56,366.51.[2]

Statutory post-judgment interest is to be paid on the entire judgment from December 12, 2018 to the date of payment at the interest rate of ___% per annum.

                              By the Court,

                              _____
                              Denise J. Casper
                              Judge, U.S. District Court, District of Massachusetts

Date:

---

[2] Assuming a February 13, 2019 entry of judgment, interest at an interest rate of 12% per annum is calculated from December 14, 2015 for 3.17 years.  Plaintiff earned $15,600 interest for the 12 months from December 14, 2015 to December 13, 2016; $17,472 compound interest from December 14, 2016 to December 13, 2017; $19,568.64 compound interest from December 14, 2017 to December 13, 2018; and $3,725.87 simple interest from December 14, 2018 to February 13, 2019, for a total of $56,366.51.