UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| ORLANDO O. RILEY, | ) | |
| Plaintiff | ) | Civil Action No.: 1:15-CV-14137-DJC |
| v. | ) | |
| MASSACHUSETTS DEPARTMENT OF STATE POLICE, | ) | |
| Defendant | ) | |

## PLAINTIFF'S INITIAL MOTION FOR ATTORNEYS FEES AND COSTS

Plaintiff Orlando O. Riley ("Riley" or "plaintiff") moves this Court to award him attorneys' fees and costs incurred in this litigation pursuant to 42 U.S.C. §2000e-5(k). For his reasons, Riley states:

1. This litigation arises out of Riley's exclusion from defendant's 80th Recruit Training Troop ("80th RTT") academy because of race in violation of 42 U.S.C. §2000e et seq. After extensive and highly contested discovery, and after successfully defeating defendant's Motion for Summary Judgment and its Motion to Strike plaintiff's expert witness, plaintiff tried his claim to a jury which, after a seven-day trial, returned a verdict in his favor and awarded his full back pay and damages for emotional distress. Plaintiff then defeated defendant's post-trial motions seeking to overturn the jury verdict and successfully moved that he be instated in defendant's next available training academy and, if successful, that he be instated as a Trooper in the Massachusetts State Police with seniority retroactive to 2012. Plaintiff is manifestly the prevailing party in this litigation, and accordingly is entitled to recover all of his costs and expenses, including attorneys fees, which he reasonably incurred in the course of this litigation. See Plaintiff's Memorandum in Support of Initial Motion for Attorneys Fees and Costs ("Memorandum"), §I.

2. The total amount of attorneys fees and costs for which plaintiff seeks reimbursement

is $1,094,682.93.  The basis for those fees and costs is set forth in the attached Memorandum and additional materials filed herewith.  Those materials include the following:

    a.  Affidavit of Ellen J. Messing ("Messing Affidavit") and attached supporting materials, including:

        (1)  Resume of Ellen J. Messing;

        (2)  Affidavits of Lisa Arrowood; Anne L. Josephson; Elizabeth A. Rodgers; Sanford F. Remz; and Beth R. Myers;

        (3)  Massachusetts Lawyers Weekly Surveys of Top 100 Law Firms in Massachusetts, 2016-2019 (excerpts);

        (4)  Resume of Dahlia C. Rudavsky;

        (5)  Resumes of Wells G. Wilkinson; Patrick D. Banfield; Jill Havens;

        (6)  Resumes of Ian Adams; Ailee Katz;

        (7)  Contemporaneous Time Records for all Persons for Whom Fees are Sought;

        (8)  Detailed Listing of All Expenses; and

        (9)  Detailed Time Records of Joel Wiesen, PhD.

    b.  Affidavit of James S. Weliky and attached supporting materials, including:

        (1)  Resume of James S. Weliky; and

        (2)  Affidavit of Jody Newman.

    c.  Affidavit of Gavriela Bogin-Farber and attached supporting materials, including:

        (1)  Resume of Gavriela Bogin-Farber; and

        (2)  Affidavits of David Belfort and Andrea Haas.

3.    This Court should employ a lodestar analysis with respect to this motion.  Memorandum, §II, and cases cited.  In order to do so, this Court should determine the number of hours reasonably expended, multiplied by a reasonable hourly rate, as adjusted by certain factors including the degree of success and factors set forth in <u>Johnson v. Georgia Highway Express, Inc.</u>,

488 F.2d 714 (5th Cir. 1974). Costs should be reimbursed as reasonable and necessary to the accomplishment of the aims of this litigation.

4. <u>Hours reasonably expended</u>. As set forth in the Memorandum and in the Messing Affidavit and its attachments, plaintiff seeks fees and costs incurred for, <u>inter alia</u>: discovery costs including discovery motions; depositions; expert witness preparation, deposition, and testimony to the extent not already reimbursed by defendant; opposition to defendant's motions for summary judgment and to strike the expert report; trial preparation including expert and non-expert witness; an informal jury focus group; evidentiary motions; trial costs; post-trial motions; and preparation of the instant fee petition. As indicated in the Messing Affidavit and attached billing records, plaintiff is not seeking reimbursement for all of the fees and costs incurred in pursuit of the foregoing activities. That amount would be $1,574,240.93. However, in the exercise of careful billing judgment, plaintiff has reduced the amount he seeks by approximately $479,558.00, or approximately 30%, in order to discount work that was excessive, duplicative or unnecessary, or performed on unsuccessful aspects of his discovery or pretrial motions, as more fully described in the accompanying Memorandum.

5. <u>Reasonable Hourly Rate</u>. A reasonably hourly rate is usually determined by comparison to the rates charged by attorneys of like qualifications, experience and competence. Memorandum, §II(B) and cases cited. Plaintiff has offered substantial evidence that the fees he seeks to recover are within the range of fees that are charged by other attorneys in the Boston market with a similar level of experience and reputation to his attorneys. This evidence includes affidavits from practicing attorneys with employment law experience who are familiar with fees charged in the Boston market for employment litigation, including in their own firms. <u>See</u> Messing Affidavit Attachment 2 (affidavits supporting rates of Messing and Weliky); Weliky Affidavit Attachment 2 (affidavit supporting Weliky rate); Bogin-Farber Affidavit Attachment 2 (affidavits

3

supporting Bogin-Farber rate).  See also Pickett v. Sheridan Health Care Ctr., 664 F.3d 632, 640-43 (7th Cir. 2011)(affidavits submitted in support of fee petition from attorneys with similar experience are preferred type of supporting evidence of prevailing rates); Bass v. Stolper, Koritzinsky, Brewster & Neider, S.C., 1997 U.S. App. LEXIS 41397, at *4-7 (7th Cir. June 6, 1997)(fee petition supported by affidavits from other attorneys with same specialty; plaintiff attorney's fee request reasonable in light of that evidence); Neely v. Grenada, 624 F.2d 547, 550 (5th Cir. 1980)(vacating and remanding for recalculation of attorney's fees based on higher hourly rate than awarded by trial court as supported by affidavits from attorneys of similar reputation and experience in similar practice area). The evidence also includes Lawyers' Weekly surveys from 2016-2019 showing that the rates plaintiff seeks are within the range of rates charged by Boston firms participating in the survey.  See Messing Affidavit Attachment 3.  All of the foregoing amply demonstrate that the rates sought here are well within the range of charges for similar services.  Numerous Massachusetts courts have awarded similar rates, supporting their reasonableness.  See Memorandum, §II(B)(1) and cases cited.

6. Applicable Johnson Factors.  In considering the reasonableness of plaintiff's rate, this Court should consider the following applicable Johnson Factors: (a) that in consideration of plaintiff's circumstances, counsel assumed all of the risk associated with the litigation by representing him on a contingency fee basis, notwithstanding the firm's full market rates of $625 for partners with Ms. Messing's experience, $600 for partners with Mr. Weliky's  experience; and $355 for associates; and (b) plaintiff achieved complete success with respect to the goals of the litigation, notwithstanding the ferocious defense orchestrated by multiple highly competent attorneys from the office of the Massachusetts Attorney General.  See Memorandum, §II(B)(3).

7. Costs.  Plaintiff is entitled to reimbursement for his reasonable and necessary expenses.  Memorandum, at §II(C).  Here, he seeks reimbursement for, inter alia, deposition, hearing and trial transcript fees; service of process; expert witness fees; postage costs; transportation costs;

copying costs; and the like.  All are compensable.  Id.

8. The instant petition seeks reimbursement for attorneys fees and costs through June 21, 2019.  It does not reflect work done to complete these materials from that date to the filing deadline of July 1, 2019.  It also does not reflect work that plaintiff anticipates will be performed responding to defendant's expected opposition to his petition and preparing for and attending any hearing scheduled to consider plaintiff's petition.  Plaintiff is entitled to reimbursement of those costs.  Memorandum, §II(A)(5).

WHEREFOR, for the reasons set forth in this Motion, the accompanying Memorandum, and the Affidavits of Messing, Weliky and Bogin-Farber and supporting materials, this Court should order that defendant pay plaintiff $1,036,942.00 as compensation for his attorneys fees and $57,740.93 as compensation for his costs.  This Court should allow plaintiff to file a supplemental fee petition once all proceedings in this Court are completed.

    Respectfully submitted,

    ORLANDO O. RILEY

    By his attorneys,

    _____
    Ellen J. Messing
    BBO No. 343960
    Email: emessing@mrwemploymentlaw.com
    James S. Weliky
    BBO No. 631066
    Email: jweliky@mrwemploymentlaw.com
    Messing, Rudavsky & Weliky, P.C.
    One Gateway Center
    300 Washington Street, Ste. 308
    Newton, MA 02458
    (617) 742-0004

Date: July 1, 2019

## **CERTIFICATE OF SERVICE**

I, James S. Weliky, hereby certify that this document and accompanying materials, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants, on July 1, 2019.

/s/ James S. Weliky
James S. Weliky

Dated: July 1, 2019