# ATTACHMENT 2

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| **ORLANDO RILEY,** | ) |
| **Plaintiff** | ) |
|  | ) |
| **v.** | ) |
|  | ) |
| **MASSACHUSETTS DEPARTMENT** | )   Civil Action No.: 1:15-CV-14137-DJC |
| **OF STATE POLICE,** | ) |
|  | ) |
| **Defendant** | ) |
|  | ) |

## AFFIDAVIT OF LISA G. ARROWOOD

I, Lisa G. Arrowood, hereby depose and say:

1.     I am a member of the Bar of the Supreme Judicial Court of Massachusetts, the U.S. District Court for the District of Massachusetts, and the U.S. Courts of Appeal for the First and Fourth Circuits.

2.     I have been practicing law since 1982. I am a founding partner of the law firm of Arrowood LLP, was a founding partner of the firm of Todd & Weld LLP, and previously practiced as a partner and associate at Hale and Dorr (now WilmerHale).

3.     My practice focuses on business litigation, employment disputes, and medical malpractice. I have litigated cases before state and federal courts in Massachusetts and eight other states. I have been inducted into fellowship in the American College of Trial Lawyers, in which I have held a number of leadership positions, and the International Academy of Trial Lawyers. I have held various leadership positions in the Boston Bar Association, including serving as President in 2015-16, and I served on the Massachusetts Board of Bar Overseers from 2009 to 2015. From 2010 to 2013, I served as the First Circuit Representative to the ABA Standing Committee on the Federal Judiciary.

4.      I have extensive experience in business and employment litigation, including disputes over claims of gender, race and other forms of statutory discrimination.  I have tried and otherwise handled numerous employment disputes to resolution in Massachusetts federal and state courts, representing large and small employers as well as employees.

5.      I am generally familiar with billing rates for litigators handling employment and business disputes in Greater Boston, and I am more specifically familiar with billing rates within my own law firm.

6.      I am familiar with Attorney Ellen J. Messing and her firm of Messing, Rudavsky & Weliky, P.C.  Attorney Messing and her firm are well-known employment litigators highly regarded for their expertise in handling many types of employment related cases, including those involving discrimination and civil rights.  Her firm is also well-known for handling various high profile cases and for their expertise in legal ethics.

7.      Attorneys in my firm, and at comparably sized firms within the City of Boston, charge in the range of approximately $500 to $800 per hour for attorneys with Ms. Messing's level of skill and experience.  I consider the rate of $600 per hour which she proposes to be consistent with the fair market value for the types of services that lawyers at her level of experience and expertise have rendered in this case.

Signed under the penalties of perjury this 12 day of June 2019.

Lisa G. Arrowood
BBO No. 022330
Arrowood LLP
10 Post Office Sq.
7th Floor South
Boston, Massachusetts 02109
Tel: (617) 849-6200
email: larrowood@arrowoodllp.com

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| ORLANDO O. RILEY, | ) | |
| **Plaintiff** | ) | **Civil Action No.: 1:15-CV-14137-DJC** |
| | ) | |
| v. | ) | |
| | ) | |
| MASSACHUSETTS DEPARTMENT | ) | |
| OF STATE POLICE, | ) | |
| **Defendant** | ) | |

### AFFIDAVIT OF ANNE L. JOSEPHSON IN SUPPORT OF
### THE PLAINTIFF'S PETITION FOR ATTORNEY'S FEES

I, Anne L. Josephson, hereby state the following in support of the Plaintiff's Petition for

Attorneys' Fees:

1.      I have been a member in good standing of the Massachusetts bar since my

admission in 1977.  I am also a member in good standing of the bar of the United States District

Court for the District of Massachusetts and the United States Courts of Appeals for the First

Circuit.

2.      I am a graduate of Smith College (B.A. *magna cum laude*, 1973), and of Boston

College Law School (J.D. *cum laude*, 1977), where I served as Editor-in-Chief of the *Boston*

*College Industrial & Commercial Law Review* (now, *Boston College Law Review*).  Following

graduation from law school, I was honored to serve as Law Clerk to the Honorable Edward F.

Hennessey, Chief Justice of the Supreme Judicial Court.  From 1978 to 1980, I practiced as an

Assistant Attorney General in the Government Bureau, representing state agencies and officials

in federal and state courts.  From 1980 to 1982 I served as a Teaching Fellow at Boston College

Law School.  In 1982, I returned to practice in the Litigation Department of Nutter, McClennen

& Fish, where I remained, first as an associate and then as a junior partner, until 1988. In 1988, I joined Kotin, Crabtree & Strong, LLP ("KCS") as a member of the firm. I have practiced law at KCS ever since.

3. From a solid foundation in administrative law, public interest, and general business litigation, my practice has, for the past thirty years, primarily concentrated in the area of employment law and employment litigation. Over these years, I have advised both employers and employees, but my primary work has involved representing employees, particularly in the area of employment discrimination. During this time, I have handled hundreds of client matters involving employment discrimination claims arising under federal and/or state law, and have litigated complex employment-related claims in federal and state courts as well as in the Massachusetts Commission Against Discrimination, in the Equal Employment Opportunity Commission, and before arbitrators.

4. I am an active member of the employment bar in the Boston area. For example:

a.   I am the co-founder of The Amicus Group, a coalition of employment lawyers and civil rights organizations who, since 2004, have joined in presenting *amicus* briefs to the First Circuit and to the Supreme Judicial Court on matters affecting the application and enforcement of anti-discrimination statutes. In that capacity, I have authored and co-authored *amicus* briefs in several cases in which appellate courts have taken the opportunity to expand, strengthen, and/or clarify the law in a manner that has enhanced civil rights. *See, e.g., Stonehill College v. Massachusetts Commission Against Discrimination,* 441 Mass. 549 (2004)*; Thurdin v. SEI Boston, Inc.,* 454 Mass. 436 (2008)*; Psy-Ed Corporation v. Klein,* 459 Mass. 697 (2011) *; Joule v. Simmons,* 459 Mass. 88 (2011)*; Flagg v. AliMed Corporation,* 466 Mass. 23 (2013)*; Diaz v. Jiten Hotel Management, Inc.,* 704 F.3d 150 (1st Cir. 2012)*; Joyce v. Town of Dennis,* 720 F3d. 12 (2013)*; Sirva Relocation, LLC v. Richie,* 794 F.3d 185 (1st Cir. 2015)*.*

b.   I have been a member of the Governor's Advisory Board to the Massachusetts Commission Against Discrimination since approximately 2007. I was appointed to that position first by Governor Patrick and then by Governor Baker;

c.   I have been invited on many occasions to serve as a faculty member for MBA, BBA, and MCLE continuing legal education programs focusing on various topics in

employment law. Most recently this has included participation on the faculty of the MBA's Annual Labor & Employment Law Spring Conference and the MCLE's Annual Employment Law Conference. I have authored written materials in connection with each of these presentations, and have co-authored chapters in the MCLE publications *Massachusetts Superior Court Civil Practice Manual* and *Massachusetts Employment Law.*

5.   I have been recognized for my professional work in a number of ways over the years. For example, I have maintained the highest professional rating by Martindale Hubbell throughout my legal career; I have been listed as a "Super Lawyer" in each year since 2004, and have been designated as a "Best Lawyer" in the area of employment law and litigation in each year since 2010. On three occasions, including this year, I have been named the US New/Best Lawyer's "Lawyer of the Year" in the Boston region for plaintiff's employment law and litigation. I am Chambers rated, and have received the highest (Band 1) rating for plaintiffs' employment law in several years, including this year. In recognition of my work with The Amicus Group, I was honored by *Lawyers' Weekly* with a Top Women of the Law award, and was the recipient of a social justice award from the Jewish Alliance for Law and Social Action.

6.   I have collaborated with Ellen Messing, Dahlia Rudavsky, and James Weliky on a number of matters, including in the drafting of *amicus* briefs and on client matters raising novel issues of law. All three of them are outstanding lawyers who distinguish themselves for their powerful intellect, their professional skill, and their unwavering commitment to social justice. They are each tenacious and highly effective advocates for their clients, and are among the very best plaintiffs-side employment lawyers in the Commonwealth.

7.   I am informed that, in his Fee Petition, the plaintiff seeks an award based on an hourly rate of $600.00 for Ms. Messing's and Ms. Rudavsky's time, and an hourly rate of $525 for Mr. Weliky's time. In my opinion, the hourly rates requested are reasonable and represent the fair market value for the services of attorneys with Ms. Messing's, Ms. Rudavsky's and Mr.

Weliky's professional qualifications, abilities, and experience. I base my opinion on my familiarity with the quality of their work; on my review of cases in which fee awards based upon these hourly rates (or higher hourly rates) were granted to attorneys with comparable (or lesser) experience;[1] and on my review of surveys conducted by Massachusetts Lawyers Weekly in the years 2016-2019, showing a range of partner rates in Boston firms that equal or exceed the rates requested here.  Notably, I am familiar with at least one case in which the Superior Court decided to award an *enhanced* amount to the firm of Messing, Weliky, & Rudavsky ("MWR"), over and above the amount requested, due to the impressive and highly effective manner in which counsel had litigated a difficult case. *Psy-Ed. Corporation v. Klein, et als.*, Civil Action No. 99-6140 (March 12, 2009)(entering judgment for MWR's client, defendant and plaintiff-in-counterclaim Kimberly Shive, which judgment included an award of attorneys' fees with an upward adjustment of 10% of the lodestar amount due to the "excellence of the results obtained, the complexity and challenge of the legal and strategic issues involved, and the outstanding ability, reputation, and experience" of Ms. Shive's counsel.).

Signed under the penalties of perjury this 14th day of June, 2019.

/s/ Anne L. Josephson
Anne L. Josephson

---

[1]     *See, e.g., Travers v. Flight Servs. & Sys.,* 2014 U.S. Dist. LEXIS 112960 (D. Mass. Jul. 14, 2014)(awarding $600 hourly rate for an attorney with 15 years' experience; $450 for an attorney with eight years' experience; $300 for an attorney with six years' experience; $250 for an attorney with two years' experience); *Tuli v. Brigham & Women's Hosp., Inc.,* 2009 U.S. Dist. LEXIS 129768 (D. Mass. Jun. 8, 2009)(awarding $570-$615 for an attorney with 17 years' experience; $630-$695 for an attorney with 34 years' experience; $685-$735 for an attorney with 29 years' experience; $410-$495 for an attorney with four years' experience; $320-$385 for an attorney with two years' experience; $275 for paralegal time; $110-$240 for the time of other administrative staff).

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

_____
                                                )
**ORLANDO O. RILEY,**                            )
       **Plaintiff**              )      **Civil Action No.: 1:15-CV-14137-DJC**
                                                )
**v.**                                           )
                                                )
**MASSACHUSETTS DEPARTMENT**                     )
 **OF STATE POLICE,**                          )
       **Defendant**              )
_____)

### AFFIDAVIT OF BETH R. MYERS

I, Beth R. Myers, hereby depose and say:

1.      I have been a member of the bar of the Commonwealth of Massachusetts since 2009. I am and at all relevant times have been in good standing.

2.      I am also a member of the bar of the United States District Court for the District of Massachusetts, and am in good standing with respect to that court.

3.      I received my undergraduate degree from New York University, and a law degree from Northeastern University School of Law.

4.      I have been practicing law since 2009, exclusively at the employment litigation firm now known as Powers, Jodoin, Margolis & Mantell LLP (formerly known as Rodgers, Powers & Schwartz LLP). I became a partner of the firm this year.

5.      The focus of my practice is employment litigation, entirely on behalf of plaintiffs. I practice before Massachusetts state and federal courts, as well as state and federal agencies.

6.      I am the President (and past Vice President and Secretary) of the Massachusetts Employment Lawyers Association (MELA), a group of more than 175 attorneys who concentrate

their practices in representing employees in disputes with their employers and former employers. MELA is the Massachusetts affiliate of the National Employment Lawyers Association, the largest organization of plaintiffs' employment lawyers in the nation. Mr. Weliky previously served on MELA's Executive Board.

7.      I have tried several significant employment discrimination cases to verdict in the courts of the Commonwealth and I also have ample appellate experience.  For example, I was co-counsel in a successful appeal from a Superior Court dismissal of my client's case in <u>Yee v. Massachusetts State Police</u>, 481 Mass. 290 (2019), significantly expanding the definition of "adverse employment action" under Massachusetts discrimination law.  I was lead counsel in an 8-day jury trial in Plymouth County Superior Court in July 2018, successfully representing co-plaintiffs who brought claims of sexual harassment and retaliation against their former employer. <u>Ebone and Smith v. BMI Surplus, Inc.</u>, No. 1583-CV-0959. In March 2018, I was lead counsel in a 10-day jury trial in Suffolk Superior Court in March 2018 that resulted in a verdict of slightly more than $2 million for sex discrimination and retaliation on behalf of our client, a female police officer. <u>Racow v. Town of Winthrop</u>, Suffolk Superior Court, Docket No. 2014-3200.  In 2014, my colleague, Jonathan J. Margolis, and I briefed and argued the appeal in <u>Esler v. Sylvia-Reardon and Massachusetts General Hospital</u>, which overturned a Superior Court ruling that set aside a $1.2 million jury verdict in a retaliation case brought under the Family and Medical Leave Act. As a result of the appeal, the Appeals Court reinstated the jury's award of $567,500 in back pay damages. <u>Esler v. Sylvia Reardon, et al.</u>, 87 Mass. App. Ct. 1107 (2015), *aff'd* 473 Mass. 775 (2016). In 2018, I successfully briefed and argued a second appeal in connection with <u>Esler v. Sylvia-Reardon and Massachusetts General Hospital</u>, 94 Mass. App. Ct. 1110 (2018). Earlier in my career,  I "second-chaired" two other jury trials in Superior Court and a lengthy

public hearing at the Massachusetts Commission Against Discrimination (discussed in more detail below); drafted and responded to discovery; conducted and defended depositions; drafted pleadings; and written and argued motions, including motions for summary judgment. I have successfully resolved many cases, particularly in the area of discrimination.

8.     In addition to my litigation, trial and appellate experience, in December 2012, I co-authored a brief *amicus curia* on behalf of MELA, The Lawyers Committee on Civil Rights and Economic Justice, and the Disability Law Center, in support of the plaintiff/appellant in the matter Flagg v. Ali-Med Inc., 466 Mass. 23 (2013), in which the Supreme Judicial Court held that G.L. c. 151B protects against discrimination for association with a handicapped person.

9.     I am also an active member of the National Employment Lawyers Association (NELA), the largest organization of plaintiffs' employment attorneys in the nation. In June 2014, I chaired a seminar on "Winning Jury Instructions" at NELA's national convention in Boston, MA.

10.     I have been named a Rising Star by Massachusetts Super Lawyers every year since 2013, and every year since 2016, I have been selected as a Top Female Attorney in Massachusetts.

11.     I am generally familiar with billing rates for employment litigators in Greater Boston, and I am more specifically familiar with billing rates within my own firm.

12.     Due to my work as plaintiff-side employment attorney and my association with the Massachusetts Employment Lawyers' Association, I am well acquainted with Attorneys James S. Weliky, Ellen J. Messing and their firm of Messing, Rudavsky & Weliky, P.C., both by reputation and by having had occasion to work with them. I have known Mr. Weliky and Ms. Messing professionally since 2009 in various capacities, including working on legislation and

3

association management. I have heard both present on a number of issues at professional conferences. I am familiar with Messing, Rudavsky & Weliky, P.C., and with their respective outstanding litigation skills and the vast employment law experience of Mr. Weliky and Ms. Messing. I know that employment law cases are complex, and that it is a considerable benefit to a plaintiff seeking to pursue such claims to retain a lawyer with substantial expertise in the area.

13.     Attorneys in my firm, and at comparably sized firms in Greater Boston, have been awarded fees in the range of $525 per hour for attorneys with Mr. Weliky's level of skill and experience and $600 per hour for attorneys with Ms. Messing's level of skill and experience. Based on my comparable hourly rate, those of attorneys in my firm, my knowledge of the attorneys' skills and experience in the region, and my knowledge of similar attorneys of similar experience in the greater Boston area, I believe the hourly rates of $525 per hour sought by Mr. Weliky and $600 per hour sought by Ms. Messing are fair and reasonable and well within current market rates for Eastern Massachusetts.

14.     The hourly rates requested in this matter are consistent with, or less than, those awarded in recent employment law cases.  In both the Ebone and Smith v. BMI Surplus and the Racow v. Town of Winthrop cases mentioned above, my colleague Jonathan Margolis was awarded an hourly rate of $600 per hour.  Two other cases involved awards a number of years ago to Shapiro Haber & Urmy, LLP, which has served as co-lead counsel with Gordon Law Group, LLP in other class action employment matters. See, e.g., Davis v. Footbridge Engineering Services, LLC, 2011 U.S. Dist. LEXIS 93645 (D. Mass. August 22, 2011)(awarding "reasonable" attorneys' fees under Fair Labor Standards Act to counsel from Shapiro Haber & Urmy, LLP of $245,101.60 for obtaining settlement of $208,500, using rates of $650 for an attorney admitted in 1996)(Mr. Weliky was admitted in 1995); Olmeda v. AM Broadband, LLC,

Civil Action No. 06-CV-30051 (D.Mass. October 14, 2009; MJ. Neiman)(awarding 33 1/3% of common fund in class action wage and hour settlement for overtime claims and finding it supported in part by a lodestar cross-check calculated using rates between $590 to $785 for partners and rates between $320 to $510 for associates at Shapiro Haber & Urmy, LLP); <u>Tuli v. Brigham & Women's Hospital, Inc.</u>, Civil Action No. 07-CV-1113 (D.Mass. June 8, 2009) (awarding lodestar rates ranging from $570-$735 for partners, $250-$495 for associates and $240-$275 for paralegals in a Boston law firm; and the requested rates were historical rather than current).

15.     I have no financial interest in the outcome of this litigation.

16.     I have not been paid or otherwise compensated for my time to draft this declaration.

**I declare under the pains and penalty of perjury under the Laws of the Commonwealth of Massachusetts that the foregoing is true and correct this 11th day of June, 2019.**

_____

Beth R. Myers, Esq.
BBO No. 676043
Powers, Jodoin, Margolis and Mantell LLP
111 Devonshire St, Suite 400
Boston, MA 02109
Tel: (617) 742-7010
Email: beth@theemploymentlawyers.com

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ORLANDO O. RILEY,<br>       **Plaintiff**<br><br>v.<br><br>**MASSACHUSETTS DEPARTMENT**<br>**OF STATE POLICE,**<br>       **Defendant** | **Civil Action No.: 1:15-CV-14137-DJC** |

## <u>AFFIDAVIT OF SANFORD F. REMZ</u>

I, Sanford F. Remz, hereby depose and say:

1.      I am a member of the Bar of the Supreme Judicial Court of Massachusetts and the United States District Court for the District of Massachusetts. I am also admitted to practice in New York and before the Court of Appeals for the First, Second, and Third Circuits.

2.      I have been practicing law since graduating law school in 1979. I was first admitted to practice in New York, and then in Massachusetts in 1986. I am the managing shareholder in the law firm of Yurko, Salvesen & Remz, P.C., where I have been practicing since 2003. Prior to that, I was a partner and department chair in the litigation departments of the Boston law firms Widett, Slater & Goldman and Hutchins, Wheeler & Dittmar.

3.      I am past co-chair of the Boston Bar Association Committee on Federal Practice and Procedure.

4.      The focus of our firm's practice is in business litigation, including litigation involving restrictive covenants, other employment disputes (including statutory discrimination matters), corporate control and partnership issues, shareholder disputes, and disputes arising out of mergers and acquisitions. I practice before a variety of state and federal courts, arbitration panels, and alternative dispute resolution forums. I have published numerous articles in the legal

and business press on topics in business law and litigation, as well as chapters in a treatise entitled <u>Settlement Agreements in Commercial Disputes</u>. I have participated in and chaired various professional panels relating to business litigation.

5.      I am generally familiar with billing rates for litigators handling contract and related employment disputes in Greater Boston, and I am more specifically familiar with billing rates within my own law firm.

6.      I am well acquainted with Attorneys Ellen Messing and James S. Weliky and their firm of Messing, Rudavsky & Weliky, P.C., both by reputation and by having had occasion to work with them on several matters. Their firm has a reputation as being one of Boston's finest, if not the finest, employment law firms representing employees. My own experience with them supports that stellar reputation, as their experience, legal and strategic skills, knowledge of the law, and communications skills are readily apparent.

7.      Attorneys in my firm, and at comparably sized firms in Greater Boston, charge in the range of approximately $475 to $600 per hour for attorneys with Ms. Messing's level of skill and experience and $450 to $550 per hour for attorneys with Mr. Weliky's level of skill and experience. I consider the respective rates of $600 and $525 per hour which they propose to be consistent with the fair market value for the types of services that lawyers at their level of experience and expertise have rendered in this case.

Signed under the penalties of perjury this 14th day of May, 2019.

Sanford F. Remz, Esq.
BBO No. 549198
Yurko, Salvesen & Remz, P.C.
One Washington Mall, 11th Floor
Boston, MA 02108
Tel: (617) 723-6900
email: SRemz@bizlit.com

2

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

_____
                                        )
**ORLANDO O. RILEY,**                   )
       **Plaintiff**  )    **Civil Action No.: 1:15-CV-14137-DJC**
                                        )
**v.**                                  )
                                        )
**MASSACHUSETTS DEPARTMENT**            )
 **OF STATE POLICE,**               )
       **Defendant**  )
_____)

### <u>AFFIDAVIT OF ELIZABETH A. RODGERS</u>

1.      I am an attorney licensed to practice law in the Commonwealth of Massachusetts. As a member of the Gordon Law Group, LLP, since 2016, I have represented workers in both class actions and individual cases, including recently, a flutist at the Boston Symphony Orchestra, a young black male who found a noose over his desk after being promoted to supervisor in a warehouse, a black mechanic who was denied hiring by the City of Brockton despite 23 years of experience, and who was visited by law enforcement for non-existent code violations the day after he protested the racial hiring practices in the city, and an Hispanic night cleaner who was threatened by a knife by a supervisor after complaining of anti-Hispanic slurs. We have obtained verdicts and settlements of over $7 million dollars in the past three years alone.  We have also represented 5 individuals seeking tenure at area colleges and universities, resolving four and continuing to litigate one for over six years,  as well as having pending classes certified in the Brockton DPW case involving failure to hire minorities, and in class action wage and hour cases which we are litigating across the Northeast.

2.        I was admitted to practice law in Massachusetts in 1977. I am admitted to practice in Massachusetts as well the First Circuit Court of Appeals and have appeared pro hac vice in the federal district courts of Southern District of NY and Eastern Pennsylvania.

3.        Before coming to the Gordon Law Group, I co-founded the firm of Rodgers, Powers & Schwartz, LLP (RPS) where I practiced for 16 years from 2000-2016, and prior to that I was a partner in Kehoe, Doyle, Novick and Playter (KDPN) for 18 years from 1980-1998.

4.        I am a former president of the Massachusetts Employment Lawyers Association (MELA).  I am rated AV Preeminent ® in my field, the highest available peer-based ranking afforded by Martindale-Hubbell. Because of my outstanding peer recognition, ethical standards and achievement in the field of employment litigation I was selected by my peers as a Massachusetts "Super Lawyer" from 2002 to the present. From 2013 through the present, I was honored as a "Best Lawyer in America, Employment Litigation", and in 2008 I was elected to the College of Labor and Employment Lawyers. From 2013-2018 I was elected nationally to serve on the Executive Board of the National Employment Lawyers Association (NELA). I have presented at NELA national conventions and regional chapters in six states on issues of retaliation, summary judgment, mediation and other cutting issues of employment law.

5.        I have participated in and co-authored amicus briefs for MELA, including *Jancey v. School Committee of Everett*, 421 Mass. 482 (1995), *Eigerman v. Putnam Investments,* SJC-09854 (Nov. 5, 2007); *Silvestris v. Tantasqua Regional Sch. Dist.*, 446 Mass. 756 (2006).  Eight years ago, I assisted in the MELA amicus brief supporting the Messing, Rudavsky & Weliky case of *Psy-Ed Corp v. Klein*, 459 Mass. 697 (2011)(opposing retaliatory lawsuits filed against employees who have complained about discrimination), with no financial gain or interest.

2

6.      I have no cases with Messing, Rudavsky & Weliky and no financial interest in this case.

7.      I have known Attorney Ellen Messing since at least 1980, when we were members of the "Monday Night Group," a small group of about eight lawyers that met on Mondays to improve our knowledge and strategy in litigating in a changing workplace as it recently opened to women and minorities. Ellen had the vision to combine that group with the nascent Plaintiff Employment Lawyers Association (currently NELA), now over 3000 strong. Messing is also a past president of the Massachusetts Chapter of NELA (MELA).  Messing sat on the Executive Board of NELA for 15 years, as I did after her, for five years. She was elected to the College of Labor and Employment lawyers eight years before I was. She was selected as a "Super Lawyer" from 2004 to the present, as have I, and was one of the top fifty women in that category five times. We have both been recognized as leading employment lawyers by Lawdragon in 2018.

8.      Election to the College of Labor and Employment Lawyers is an honor reserved for two attorneys per state per year and requiring selection by management, neutral and plaintiff bar members after vetting by the entire College and a designated committee, with required judicial recommendations. By 2015, there were only 8 plaintiff employment lawyers so recognized of 39 from Massachusetts. I consider it to be a profound honor in recognition of being among the very top lawyers in the field which warrants a fair market rate elevated above our peers.

9.      Management and plaintiff attorneys in the College exercise equal exemplary skill. I have litigated for years against the fine members of the management employment bar who are members of the College, and work for large firms in Boston such as Richard Alfred, Joseph

Ambash, Lisa Damon, Jeffrey Dretler, Kay Hodges, Lynn Kappelman, Arthur Telegen and Rick Ward, and those who are now on the bench, such as Robert Gordon, to name a few. As an early member, Ellen Messing demonstrates at least the skill effort and success of all the members of the College who have been so recognized. There is no reason under the attorneys' fees provision of the statutes involved to award lower rates to plaintiff counsel when the management counsel are the ones who know her work best and voted her to be an equal member of the College in which they predominate, under the same criteria as applied to the neutral and management bar. Where such law partners are often male,[1] there is no reason not to award Ms. Messing the same high rates paid to such distinguished equity partners in the firms against whom she has litigated successfully.[2]

10.    Attorney Messing joined with attorney Dahlia Rudavsky and another lawyer to form a boutique employment firm in 1988, which is a peer of my former and current firms, KDN&P, RPS and Gordon Law Group. We all focused on representing employees in claims of discrimination, retaliation and unequal or non-payment of wages, or violations of union contractual rights.

11.    Attorney James Weliky (JD 1995) joined Messing and Rudavsky in 1995 and also became a powerhouse in the MBA labor and employment world, rising to become a named partner in 2001.  For many years, Mr. Weliky has been selected by his peers for inclusion in the *The Best Lawyers in America*© and Super Lawyers (a list that recognizes no more than five

---

[1] Implicit bias has been recognized by the Massachusetts Trial Court Strategic Plan, 2.0, initiated in   2013 which is a road map to 2025. Of four strategic themes, number two is:  ***2) We work to address issues of race and implicit bias that are natural challenges to high-quality justice.***
[2] *Burns v. Johnson,* 2016 U.S. App. LEXIS 12732, at *23 (1st Cir. July 11, 2016) n. 13, (citing the research  that men seeking advancement are seen as competent and confident and deserving of pay increases, while women seeking pay increases are met with moral suspicion, contempt and labels of being a troublemaker, all supporting implicit bias).:

percent of attorneys in Massachusetts) and was named a "Rising Star" by Super Lawyers early in

his career.  He has had many leadership roles in Massachusetts Bar Association and Boston Bar

Association labor and employment committees.  He co-chaired the 2011 National Employment

Lawyers Association New England Regional Conference.

12.     Just as I have given over 45 presentations locally and nationally to our

employment bar, Ellen Messing and Jim Weliky have given countless presentations on

employment law to the MBA, MCLE, and BBA, and/or present almost annually at NELA

conventions, while playing a leadership role in each of those organizations and locally as

members and officers of MELA. I have served on Bar Section Councils, Executive Committees

and Executive Boards and many panels as their peer, as well as attending literally dozens of their

excellent, often funny, and well received presentations.

13.     This recognition, by both sides of the bar, as top tier advocates in employment

law, entrusts them with educating the profession in statutory, rules, trial techniques, appellate

trends, and ethical conduct. Those decades of Continuing Legal Education is done with no

compensation, but advances the practice before the bench. They are both deserving of a fee at the

very top of the legal profession, at the top of the profession on both sides practicing in civil

rights cases, and at the top of the legal profession in the plaintiff bar. Highly skilled celebrities in

any field simply get paid more.

14.     Ellen Messing is one of the most ethical attorneys in the country.  She chaired the

Ethics and Sanctions committee of NELA for decades, publishing, speaking and advising on

Model Rule of Professional Conduct 4.2 as well as other ethics and legal practice conduct such

as self-help discovery.  She is also a longtime member of the Boston Bar Association Ethics

Committee and a former co-chair.  Ellen has also a deserved reputation as a zealous advocate, skillful trial and appellate lawyer, and being trained as a neutral arbitrator.

15.     Ellen Messing and Jim Weliky have repeatedly contributed to the court's development of employment law by their repeated participation in other turning point amicus briefs.

16.     Ellen was the principal author of an amicus brief in 2016 in *Verdrager v. Mintz, Levin, Cohn, Ferris, Glovsky & Popeo, P.C*., 474 Mass. 382 (2016) a perfect example of a complex and thorny issue of plaintiff's right to access evidence from her employer, which had asserted control and attempted to punish self-help discovery. Directly informed by her work, in *Verdrager* the Supreme Judicial Court set out the elements of permitted discovery, balancing the importance of civil rights discovery given the employer's advantage in control over facts with the protection of recognized and enforced privileges. Messing's decades of work on ethics and sanctions allowed her to assist the court in identifying factors to guide such cases for years to come.  This entirely unpaid work is then reflected in her skill in discovery, trial and post-trial arguments –all highly relevant to her well-deserved high hourly rate.

17.     Jim Weliky (JD 1995), was the chair of the amicus committee of MELA for six years (2000-2006), submitting many amicus briefs which have guided the court in prominent cases. This work honed the skill to identify and preserve issues at trial and on appeal which advance the law.

18.     Three aspects of amicus briefs warrant a higher hourly rate to these authors and are seen in throughout their work at trial and litigation:  they may enhance or turn up the volume on key facts, may identify what outcomes may mean down the road in the practice of law if the plaintiff's or defendant's proposed rule is adopted, and may present  a broad overview of the

6

development of the law.  These three prongs of argument at the highest appellate levels consistently raise their advocacy in litigation and negotiation, above that of conventional plaintiff attorneys, who are expected only to zealously argue how the plaintiff should win.

19.     Known comparable fair market rates justify the rates sought here. At Gordon Law Group, LLC, our practice focuses on representing employees in claims under the Massachusetts wage and discrimination statutes, which provide for mandatory attorneys' fees and costs, along with damages. Thus, I am aware of fees that have been awarded by courts in Massachusetts in cases involving violations of M.G.L. c.151B and other statutes designed to protect the rights of employees.

20.     I was lead trial co-counsel in the recent employment discrimination case of *Lopes v. City of Brockton* case (Plymouth Docket No. 2013-01350) awarded fees by order dated May 25, 2017.   After 6 days of a jury trial in a race discrimination case I assisted my client in securing a jury verdict of $4,050,000.00. The Court, Hon. Joseph F. Leighton, Jr., in the Lopes matter upheld the verdict in all respects and determined by order dated May 25, 2017 that my reasonable hourly rate was $575/hr.  My co-counsel Philip Gordon was awarded $500/hour in this, his first discrimination and retaliation trial. Mr. Gordon (also admitted in 1995) is a peer of Mr. Weliky, and with both obtaining million-dollar verdicts in labor and/or wage cases.

21.     Before and after *Lopes,* I have charged, and been awarded fees by defendants in 2017-2019 at $680 per hour, for particularly difficult matters or high-level executives.

22.     The need to pay higher fees to attract lawyers to take on discrimination, whistleblower, or retaliation cases which often last for decades and often on a contingency, outweighs the payment of higher fees to downtown firms who pay their attorneys regardless of outcome.

7

23.     I believe Messing and Weliky are our peers, in fair market rate, of $525 to $600 /hour as able experienced and high quality attorneys.  Both are partners in one of the finest law firms in Boston, who consistently perform high quality work comparable to myself and Attorney Gordon.  In making the awards in *Lopes*, of $575/hour and $500/hour, Judge Leighton found such rates warranted where the trial lasted just six days, involved complex legal and factual issues, and that the evidence was well organized, well understood and well presented by myself and Attorney Gordon at trial. *Lopes*, supra, Order, May 24, 2017.  He found that we were able and experienced, and that I demonstrated impressive scholarly expertise in the areas of law in dispute. He found that Attorney Gordon was co-lead trial counsel, and he handled many important components of the Plaintiff's presentation. He also delivered the closing argument. Judge Leighton ruled that the rates of $575 and 500/hour "are in keeping with those charged by some of the finest "boutique" law firms in Boston, and, indeed, many of the larger firms in this region. I have taken into account the high quality of the legal work performed in this case, as well as the fair market value for such high-quality work."

24.     The fair market rates sought here also compare with the rates and reputations of lawyers with 20 or more years of experience who go beyond the average excellent employment lawyer. The appropriate comparators to Messing and Weliky are partners in prominent employment law practices, who have been elected by the attorneys in their fields as leaders, are leaders of the next generation of leaders, and are extremely effective repeatedly and efficiently.

25.     As has been repeatedly reported in the media, the hourly rates of Boston lawyers are on the rise. See, e.g., Kit Chellel, In Downturn, No Break on Legal Fees, BOSTON GLOBE, Jan. 16, 2010 htto://www.boston.com/business/articles/2010/01/16/in downturn no break on legal fees/ (stating that Boston law firms' billing rates are "as high as $700 to $900 an hour"). Indeed,

the National Law Journal's survey of rates charged in 2010, shows that of the Boston-based firms

surveyed, both were charging rates higher than those requested by counsel here:

| | Highest Partner | Lowest Partner | Average Partner | Highest Associate | Lowest Associate | Average Associate |
|---|---|---|---|---|---|---|
| Sullivan & Worcester | $830/hour | **$475/hour** | $647/hour | $535/hour | $290/hour | $383/hour |
| Edwards Angell Palmer Dodge | $780/hour | $345/hour | $571/hour | $610/hour | $200/hour | $323/hour |

See A Nationwide Sampling of Law Firm Billing Rates, THE NATIONAL LAW JOURNAL,

2010 Nat'l L.J. 12 (Dec. 6, 2010) ("2010 Law Firm Survey").

26.    I am familiar with the reputation, skill and effort of the partners in labor and

employment practice at Sullivan and Worcester, referenced above with partner rates from $647

to $830/hour.  I have litigated for years against highly regarded partners at Sullivan and

Worcester with fine reputations as leaders in the employment bar in the cases of *Keeler v.*

*Putnam Fiduciary Trust Co.,* 238 F. 3d 5, 12-13 (1st Cir. 2001), and in a 2014 unreported case

reaching a confidential settlement with a prominent labor and employment partner with over 30

years of experience.  Almost annually, I have been on faculty panels with the most prestigious of

them for years.   In my opinion, both Ms. Messing and Mr. Weliky demonstrate skill effort and

results which exceed that of the average partner (reportedly paid $647/hour) at large firms such

as Sullivan and Worcester in 2010 and would match that of the highest paid partners in 2010.

27.    Laura Studen, partner at Burns & Levinson, (admitted in 1982), was Past

President of the Massachusetts Association of Women Lawyers, and former member of the

Board of Governors of the Massachusetts Academy of Trial Attorneys. Ms. Studen now bills at a

rate of $600.  12 years ago, in 2007 she was awarded $525/hour in *Malvina Monteiro v. The City*

*of Cambridge,* Middlesex Superior Court Civ. Action No. 01-2737, ($4.5 M verdict for

9

individual in retaliation and race case) and was co-counsel in a $7 million settlement in *Warfield v. Beth Israel Hospital,* https://www.bostonglobe.com/lifestyle/health-wellness/2013/02/07/former-anesthesiology-chair-wins-million-from-beth-israel-deaconess-settle-gender-bias-suit/xABRwueY653KYqoYYkbk4J/story.html.

28.     Attorney Shannon Liss-Riordan, (admitted 2000) who has achieved a national reputation in failure to pay wages cases, and who achieved million-dollar verdicts in such cases, five years ago was awarded $600 per hour in *Travers v. Flight Services & Systems, Inc*., 2014 U.S. Dist. Lexis 112960 (D. Mass. 2014) up fifty percent from the rate she had been awarded ($400/hour) in 2010. *Difiore v. American Airlines, Inc.,* No. 07-10070-WGY, 2010 U.S. Dist. LEXIS 14396, at *11-12 (D. Mass. Feb. 18, 2010) (subsequent history omitted) (noting her successful and highly experienced plaintiff-side lawyer in the area of employment law.

29.     Nine years ago, in the gender discrimination/retaliation case of *Tuli v. Brigham & Women's Hospital*, Memorandum and Order Re: Attorney's Fees, C.A. No. 07 cv 12338, (D. Mass. June 8, 2009), Attorney Margaret Pinkham, Esq., a lawyer with seventeen years seniority, was awarded fees at rates of $570-$610 per hour.  In *Brooks Automation, Inc. v. Blueshift Techs., Inc*., 21 Mass. L. Rptr. 53 (Mass. Super. Apr. 6, 2006), Justice Gants (then-Judge Gants), awarded fees at a rate of $600 per hour to Mark Tully, Esq., an attorney with nineteen years of experience.  Increasing those rates at 50 percent over the next ten years for the most successful skillful and creative lawyers, as was done for Ms. Liss-Riordan, would warrant rates of up to $900/ hour. Such rates have been, in fact documented as early as 2010.

30.     Publication warrants a higher rate. Messing and Weliky have documented their extensive publications and presentations in programs of NELA and the MBA, BBA and MCLE.

31.     Higher return is warranted for higher risk.   Second Circuit judge Hon. Denny

Chin, in Summary Judgment in Employment Discrimination Cases: A Judge's Perspective, 57

N.Y.L. Sch. L. Rev. 671 (2012–2013)[3] reported that "Research confirms everyday observations

of how much more difficult it is for employment discrimination plaintiffs than for other plaintiffs

to survive pre-trial motions to dismiss their cases and to win at trial or on appeal,"[4] specifically

citing statistics suggest that summary judgment is granted more often in employment cases than

in tort or contract cases.[5]  See also, n. 4, supra.

32.     The risk of reversal in an employment case warrants a higher rate for a highly

skilled plaintiff counsel whose expertise, experience and tenacity overcomes these obstacles.

33.     I urge the court to award a top tier fee to Ms. Messing and Mr. Weliky, and to

enhance the fee award to attract other attorneys to try discrimination cases, to persist despite

often decades of litigation, and to send the employers and other repeat offenders a message that

they will be liable for the strongest sanctions if they fail to investigate, remedy and deter

---

[3] See also e.g., Raymond H. Brescia, The Iqbal Effect: The Impact of New Pleading Standards in Employment and Housing Discrimination Litigation, 100 Ky. L.J. 235, 285–86 (2012); Elizabeth M. Schneider, The Changing Shape of Federal Civil Pretrial Practice: The Disparate Impact on Civil Rights and Employment Discrimination Cases, 158 U. Pa. L. Rev. 517, 525–26 (2010).

[4] See Kerri Lynn Stone, Shortcuts in Employment Discrimination Law, 56 St. Louis U. L.J. 111, 112 (2011).

[5] A Federal Judicial Center study showed that summary judgment was granted, in whole or in part, in employment discrimination cases approximately seventy-seven percent of the time, in tort cases approximately sixty-one percent of the time, and in contract cases approximately fifty-nine percent of the time, Memorandum from Joe Cecil & George Cort, Fed. Judicial Ctr., to Judge Baylson, http://www.fjc.gov/public/pdf.nsf/lookup/sujulrs2.pdf/$file/sujulrs2.pdf (last visited Dec. 28, 2012). (Aug. 13, 2008). Id.; see also Schneider, supra note 1, at 524–25 (citing Clermont & Schwab, supra note 3), 550 (citing FJC Study).

discrimination.

Signed under the penalties of perjury,

*Elizabeth A. Rodgers*

Elizabeth A. Rodgers                    June 12, 2019