§UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| ORLANDO O. RILEY, | ) ) | |
| Plaintiff | ) ) | Civil Action No.: 1:15-CV-14137-DJC |
| v. | ) ) ) | |
| MASSACHUSETTS DEPARTMENT OF STATE POLICE, | ) ) | |
| Defendant | ) ) | |

**AFFIDAVIT OF JAMES S. WELIKY IN SUPPORT OF
RILEY'S PETITION FOR ATTORNEY'S FEES**

I, James S. Weliky, hereby depose and state as follows:

1. I am an attorney in private practice in Massachusetts. I am a partner in the firm of Messing, Rudavsky & Weliky, P.C., which concentrates its practice in the representation of employees in employment matters. This Affidavit is submitted in support of Riley's Motion for Attorneys' Fees and Costs ("Motion").

2. I have been a member of the Massachusetts bar since 1995. I have been a member of the bar of the United States District Court for the District of Massachusetts since 1998 and a member of the bar of the United States Court of Appeals for the First Circuit since 2000.

3. Since 1995, I have been engaged in the practice of law at the firm of Messing, Rudavsky & Weliky, P.C.[1] as detailed in my resume attached hereto as Attachment 1. My practice has focused on employment-related litigation with a particular focus on employment termination and discrimination matters, including litigation in federal and state courts and agencies. In addition, I have worked extensively as a trainer of lawyers in advocacy skills and in many substantive legal areas of employment law, also as detailed in Attachment 1. I am a graduate of Oberlin College (B.A.

---

[1] Until 2001, the firm was named "Messing & Rudavsky, PC."

1984) and Northeastern University School of Law (J.D. 1995).

4. I am viewed by other attorneys as possessing particular expertise in the areas of employment law and litigation. I receive frequent case referrals from attorneys throughout the Commonwealth of Massachusetts and elsewhere in the United States, as well as requests for advice regarding the handling of employment cases from Massachusetts attorneys. I regularly address legal audiences concerning substantive topics in employment law. I am a past chair of the Massachusetts Bar Association Labor and Employment Law Section, and former chair of what is now called the Massachusetts Bar Association Employment Law Practice Group. I have also served on the Labor and Employment Committee of the Boston Bar Association. I was the chair of the amicus committee of the Massachusetts Employment Lawyers' Association ("MELA"), which is an affiliate of the National Employers Lawyers Association ("NELA"), a national organization of lawyers representing employees in labor and employment litigation. I have co-authored numerous briefs amicus curiae on MELA's behalf, including in the following cases: Joyce v. Town of Dennis, 720 F.3d 12 (1st Cir. 2013); Diaz v. Jiten Hotel Mgmt., 704 F.3d 150 (1st Cir. 2012); Thurdin v. SEI Boston, LLC, 452 Mass. 436 (2008); DeRoche v. Mass. Comm'n Against Discrimination, 447 Mass. 1 (2006); Clifton v. Massachusetts Bay Transportation Authority, 445 Mass. 611 (2005); Clifton v. Massachusetts Bay Transportation Authority, 62 Mass. App. Ct. 164 (2004); Clark v. Beverly Health and Rehabilitation Services, Inc., 440 Mass. 270 (2003); Lipchitz v. Raytheon Co., 434 Mass. 493 (2001); and Abramian v. President & Fellows of Harvard College, 432 Mass. 107 (2000). I have participated extensively in continuing legal education programs on topics in employment law for Massachusetts Continuing Legal Education ("MCLE"), the Massachusetts Bar Association, the Boston Bar Association and MELA. In addition, I have published many articles on such topics, including chapters published in MCLE publications entitled: Massachusetts Employment Law; Workers' Compensation Practice in Massachusetts; and Drafting Employment Documents in

Massachusetts. In 2001 I was named one of five "up and coming" attorneys in Massachusetts by Massachusetts Lawyers' Weekly. I have been identified as a "Super Lawyer" by Boston Magazine since 2006 and have been rated as a "Best Lawyer in America" since 2012. I have maintained an "AV Preeminent" rating from Martindale-Hubbell since 2007. In 2019, I was listed in Band 1 by <u>Chambers USA</u> under "Labor & Employment: Mainly Plaintiffs Representation – Massachusetts." A full listing of my publications and professional activities is included in Attachment 1.

5. In this case, I drafted discovery and conducted depositions; assisted with the drafting of discovery motions and supporting memoranda; argued discovery motions; assisted with drafting plaintiff's successful opposition to defendant's Motion for Summary Judgment; assisted with drafting pre-trial motions and arguing same; second-chaired the trial, including selecting the jury, presenting witness testimony and arguing motions; drafted and edited numerous pretrial memoranda; and participated extensively in developing discovery and trial strategy. I have also provided substantial assistance in successfully opposing defendants' post-trial Motion for Judgment Notwithstanding the Verdict, or in the Alternative, for a New Trial, drafting plaintiff's Motion to Alter or Amend the Judgment, and preparing this petition for attorneys fees and costs.

6. As a partner of Messing, Rudavsky & Weliky, P.C., I am responsible, together with my partners, for determining the hourly rates charged to clients for the work of our three partners and an associate. From time to time in the course of my work as a litigating attorney, I have reviewed the hourly rates charged by other Boston law firms for similarly experienced attorneys handling employment litigation. Presently, the rate our firm charges for my time is $600 to clients who are able to pay our market rates.

7. I believe that the rate of $525 per hour constitutes a fair and reasonable rate for the services of an attorney of my skills and ability serving as counsel in a case of this nature, as confirmed by the affidavit of Jody L. Newman, enclosed as Attachment 2 to this affidavit; and the

affidavits of Beth R. Myers, Anne L. Josephson, Sanford F. Remz, and Elizabeth A. Rodgers, enclosed as Attachment 2 to the Affidavit of Ellen J. Messing ("Messing Affidavit"); and by surveys for the years 2016-2019 conducted by Massachusetts Lawyers Weekly (showing range of partner rates in Boston firms equal to or exceeding the rates sought here), attached as Attachment 3 to the Messing Affidavit.

Signed under the penalties of perjury this 1st day of July, 2019.

/s/James S. Weliky
James S. Weliky