UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ORLANDO RILEY<br><br>Plaintiff,<br><br>v.<br><br>MASSACHUSETTS STATE POLICE<br><br>Defendant. | C.A. 1:15-cv-14137-DJC |

**DEFENDANT'S OPPOSITION TO**
**PLAINTIFF'S MOTION TO HOLD DEFENDANT IN CONTEMPT**

Defendant Massachusetts State Police ("MSP") hereby submits this opposition to Plaintiff's Motion to Hold Defendant Massachusetts State Police in Contempt and for Emergency and Other Relief ("Mot."). MSP respectfully submits that contempt is not appropriate here. The parties disagree about the extent and breadth of this Court's Judgment and have been in discussions regarding those disagreements. MSP, through its counsel, already informed Plaintiff, through his counsel, that he does not need to appear on July 24th or 25th so that counsel could continue those discussions. Given that, there is no "emergency" basis for Plaintiff's motion, nor is MSP in contempt of the Judgment. Therefore, MSP respectfully requests that the Court deny Plaintiff's motion and allow the parties to continue their discussions.

**ARGUMENT**

Plaintiff's resort to an "emergency" motion for contempt, and a request for sanctions in the form of daily or weekly fines as a means to "force compliance" is an unnecessary response to a genuine disagreement between the parties as to what MSP's obligations are under this Court's Judgment. Such a motion is especially unwarranted given the ongoing dialogue between counsel

1

for MSP and counsel for Plaintiff.

In line with this Court's Judgment, MSP has been preparing for Plaintiff to join the next Recruit Training Troop ("RTT"). As part of those preparations, Plaintiff was sent a standard form email that every new recruit receives, requesting that he appear for a physical fitness test on July 24th or July 25th and bring certain documentation with him.[1]  When Plaintiff's counsel brought this email to the attention of MSP's counsel, MSP's counsel informed Plaintiff's counsel in writing, prior to the filing of this Motion, that he did not have to appear on July 24th or July 25. *See* Exhibit 1.   MSP's counsel repeated this information via telephone on July 17, 2019.  At Riley's request, MSP has now communicated directly with him to state that same position. *See* Exhibit 2.  As a result, there is no emergency aspect to Plaintiff's motion.

MSP told Plaintiff that he neither needed to appear on July 24th or 25th, nor submit any documentation (removing the only request that Plaintiff had complained about) in order to give counsel for the two parties additional time to discuss their differences.  As counsel for MSP attempted to explain to Plaintiff's counsel via phone the day before Plaintiff filed his motion, there are certain statutory and regulatory requirements that MSP requires every recruit to pass. Counsel further explained that MSP does not believe those requirements, which must be met before a candidate can be sworn in, violate the Court's Judgment, even though, for practical and safety reasons, some of these requirements are tested before the Academy, rather than during the Academy.  Counsel for MSP requested a short period of additional time to determine exactly what requirements Riley needed to pass to be a trooper and when those requirements would be assessed and suggested that the parties might be able to file a joint motion for clarification at a

---

[1] MSP acknowledges that this email could have been worded differently in light of the Court's Judgment.  MSP sent Plaintiff this form email to ensure that he was receiving the exact same communications as every new entrant to the Academy.

later date if necessary. Plaintiff's counsel instead filed the instant motion for contempt the next day. MSP believes the motion for contempt is moot given that no requirements have been imposed on Plaintiff and respectfully requests that it be given additional time to engage in discussions with Plaintiff.

In short, there is no need to hold MSP in contempt or impose sanctions. After learning of Plaintiff's concerns, counsel for MSP has engaged in continued dialogue with Plaintiff's counsel. In an attempt to give the parties more time to resolve their differences, both MSP and its counsel have confirmed for Plaintiff and his attorneys that he does not need to appear on July 24th or 25th or submit any documentation on that date (the only requirement Plaintiff complained about). Plaintiff's insistence on filing an immediate request for contempt and sanctions is not in keeping with the purpose of sanctions, namely "(1) to coerce the defendant into compliance with the court's order, and (2) to compensate the complainant for losses sustained as a result of the contumacious behavior." *Dystar Corp. v. Canto*, 1 F. Supp. 2d 48, 58 (D. Mass. 1997) (internal citations omitted). Here, MSP requires no "coercion;" it is actively trying to work with Plaintiff and is not deserving of civil contempt at this stage. *See Taggart v. Lorenzen*, 139 S. Ct. 1795, 1801-02 (2019) ("civil contempt is a severe remedy"). Similarly, Riley has not demonstrated that he has been subject to any "losses" as a result of MSP's actions post-Judgment. Riley has not been precluded from anything, and counsel for MSP was attempting to work with counsel for Plaintiff to resolve the issues raised in their motion before it was filed. Plaintiff's motion for contempt should therefore be denied.

Respectfully submitted,

MASSACHUSETTS STATE POLICE

By its attorney,

MAURA HEALEY
ATTORNEY GENERAL,

/s/ Nicholas W. Rose_____
Dennis N. D'Angelo, BBO No. 666864
Nicholas W. Rose, BBO NO. 670421
Assistant Attorneys General
Government Bureau/Trial Division
One Ashburton Place, Room 1813
Boston, MA  02108
(617) 727-2200
dennis.dangelo@state.ma.us
nicholas.rose@state.ma.us

Date:  July 22, 2019

## CERTIFICATE OF SERVICE

I, Nicholas W. Rose, Assistant Attorney General, hereby certify that I have this day, July 22, 2019, served the foregoing upon the attorneys of record for all parties by filing it through the ECF system.

/s/ Nicholas W. Rose_____
Nicholas W. Rose