**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

_____

|  |  |  |
|---|---|---|
| **ORLANDO RILEY,** | ) ) ) ) | |
| **Plaintiff,** | ) ) | |
| **v.** | ) ) ) | |
| **MASSACHUSETTS DEPARTMENT OF STATE POLICE,** | ) ) ) ) | **Civil Action No. 15-14137** |
| **Defendant.** | ) ) ) ) ) | |

_____)

## STATEMENT OF REASONS AS TO ATTORNEYS' FEES AND COSTS

**CASPER, J.**                                                                            **October 8, 2019**

### Introduction

Plaintiff Orlando Riley ("Riley") now has moved for the award of attorneys' fees in the amount of $1,036,942 and costs of $57,740.93 under the fee-shifting provisions of Title VII, 42 U.S.C. § 2000e-5(k).  D. 270.  Although Defendant Massachusetts State Police ("MSP") does not dispute that Riley was the "prevailing party" for the purposes of the statute, the amount of costs sought by Riley or the standard by which the Court should determine the appropriate award of attorneys' fees, MSP does contend that "the hourly rate requested, the distribution of hours worked, and the total hours sought compensation for are all unreasonable," D. 287 at 1, and seeks a substantial reduction of the attorneys' fees sought.  The Court ALLOWS Riley's motion, D. 270, to the extent explained here.

**Legal Standard**

To determine whether the fees and costs sought would be an appropriate award, the Court must use the lodestar method, multiplying the reasonable number of hours expended by a reasonable hourly rate.  Torres-Rivera v. O'Neill-Cancel, 524 F.3d 331, 336 (1st Cir. 2008); Gay Officers Action League v. Puerto Rico, 247 F.3d 288, 295 (1st Cir. 2001) (citation omitted).  "The [lodestar] method is also a device which enables courts to pay homage to the fundamental reason that Congress passed the Fees Act:  its resolve that certain types of wrongs, such as discrimination . . . should not be countenanced, and that private suits aimed at redeeming such abuses should be encouraged."  Coutin v. Young & Rubicam Puerto Rico, Inc., 124 F.3d 331, 337 (1st Cir. 1997); see Joyce v. Town of Dennis, 720 F.3d 12, 31 (1st Cir. 2013).  That said, the Court need not be "in thrall to an attorney's time records," but "adhering to the time-and-rate-based method of fee calculation, may fashion a lodestar which differs substantially from the fee requested by the prevailing party."  Id.  That is, the Court must adjust the lodestar calculation as may be necessary to arrive at an attorneys' fees award that is reasonable.  See Burke v. McDonald, 572 F.3d 51, 56 n.5 (1st Cir. 2009).  The Court now turns to the lodestar method applied here.

**Discussion**

*Reasonable Hourly Rate*.  The primary hours charged here are by the Attorney Messing who seek an hourly rate of $600/hour and for Attorney Weliky who seeks the rate of $525/hour, which is below the firm's standard hourly rate of $625/hour for senior partners and $600/hour for partners, respectively.  D. 272 at 4.  The other hours sought are for Attorney Bogin-Farber, a firm associate, and three contract attorneys at $350/hour (which is slightly below the firm's standard billable rate of $355/hour, id.) and a rate of $175/hour for paralegals (which is the same as the firm's standard billable rate for paralegals, id.).  MSP seeks a reduction to $425/hour for Attorneys

2

Messing and Rudavsky and $375/hour for Attorney Weliky on the grounds that the higher hourly

rates are unreasonable and out of sync with the awards in other employment cases.  D. 287 at 3-5.

As to the associate/contract attorneys' fees, MSP argues for a reduction to an hourly rate of $225

and $175, respectively, given that the experience of same does not reasonably warrant a higher

rate.  D. 287 at 5-6.  Lastly, MSP contends that Riley has not given sufficient justification for the

reasonableness of the hourly rate of $175/hour when typical awards of same have been closer to

the $90/hour rate that MSP contends the Court should adopt.  D. 287 at 6.

Although there may be credence to the notion that the billing rates charged by firms should

not dictate reasonableness of rate for fee awards since they may not reflect the "yield" that these

firms receive, see Tyler v. Michaels Stores, Inc., 150 F. Supp. 3d 53, 69 (D. Mass. 2015), the

published billable rates, particularly those supported by the affidavits submitted by Riley, D. 272-

2, provide context of what the market is bearing in this regard.  It is difficult to use the rates

awarded in other cases to dictate the rate that this Court should adopt here where complexity of

other cases may have differed, the hourly rate may not have been contested and this Court is not

sure what factual support other courts may have been provided to support the reasonableness of

the rates charged.  Although the Court has considered the rates adopted by other courts, as cited

both by MSP and Riley, see D. 271 at 15; D. 287 at 3-5; D. 294 at 2-4, the Court has also relied

upon the supporting affidavits and other information provided by Riley.  D. 272-2; see Hutchinson

v. Patrick, 636 F.3d 1, 17 (1st Cir. 2011).  Such factual support, D. 271 at 14 and exhibits cited,

lends sufficient support to the hourly rate sought by the attorneys here.  Moreover, although MSP

does not challenge the experience or qualifications of Attorneys Messing and Weliky (or Attorney

Rudavsky), all of whom have extensive experience handling employment cases, the fact that the

lower-level attorneys on the case (Bogin-Farber and contract attorneys) have less employment law

experience is not surprising (or grounds to reduce their hourly rates, see D. 287 at 6) given their shorter tenure at the bar and the fact that the prosecution of this case was being led by attorneys who did.  As to associate/contract attorney rates, the Court agrees with Riley, that it is appropriate for the rate of the firm associate (Bogin-Farber) and rate for the contract attorneys of similar experience levels be at the same level.  D. 294 at 5-6 and cases cited.  As with the partner hourly rates sought, there is sufficient support in the record for the associate rate of $350/hour.  D. 272 at 5-7.

The paralegal rate of $175/hour, however, has less support in the record (except that it is the firm's standard hourly rate "for clients who are able to pay that rate," D. 272 at 8).  It also appears on the higher end of compensable paralegal time even in the cases cited by Riley.  D. 294 at 6; D. 287 at 6.  Accordingly, the Court concludes that a more reasonable rate is $125/hour for paralegal work.

*Reasonable Hours Billed.*  The Court is aware that Riley seeks reimbursement of hours already reduced by 526.10 hours (from the total of 3,077.30 hours expended) and then by a 20% downward adjustment to the total lodestar calculation.  D. 271 at 3.   D. In challenging the total award sought, MSP also challenges not just the total number of hours billed, but the fact that the partners (Attorneys Messing and Weliky) did the bulk of the legal work instead of delegating less complex matters to the associate/contract attorneys who were billing at a lower rate.  D. 287 at 8-12; see In re Volkswagen and Audi Warranty Extension Litig., 89 F. Supp. 3d 155, 175-76 (D. Mass. 2015). The Court agrees with Riley that it was reasonable for the partners on his team (Attorneys Messing and Weliky) to take the lead on the major aspects of the litigation regarding the taking of depositions of key witnesses, drafting and revising of summary judgment motions, motions in limine, oral argument, consultation and preparation with his expert, Dr. Wiesen and the conduct

of trial.  D 271 at 12.  Although the Court appreciates that the law firm representing Riley has only three partners and one associate, id. this team was able to utilize the one associate and contract attorneys they otherwise engaged for lower-level work that needed to be done but did not require the work of the partners.  Such work includes, for some examples, the drafting of notices of appearance, drafting of discovery responses, legal research,  and document review.  See generally 272-7.  Accordingly, the Court concludes that a further 10% reduction in the hours billed by Attorneys Messing (reducing 939.9 hours to 845.91 hours) and Weliky (reducing 1028.10 hours to 925.29) and a corresponding 10% increase in the hours billed by the associate, from 272.4 to 299.64 hours, and contract attorneys, from 236.30 to 259.93 hours) is warranted.  See Shannon v. Fireman's Fund Ins. Co., 156 F. Supp. 2d 279, 301-2 (S.D.N.Y. 2001) (permitting modification of the lodestar amount upward or downward based on certain considerations).

MSP also challenges the total number of attorney hours for which Riley seeks reimbursement.   D. 287 at 12-15.   Although the hours billed here are supported by contemporaneous billing records, in determining a reasonable award of attorney's fees, it is appropriate for the Court to "then subtract from that figure hours which were duplicative, unproductive, excessive or otherwise unnecessary."  Grendel's Den v. Larkin, 749 F.2d 945, 950 (1st Cir. 1984).  The Court is mindful that the Riley has both decreased the total hours expending by 526.10 hours, D. 272 at 9, and then adjusted the lodestar by 20% to account for such duplicative and excessive hours.  D. 272 at 13.  The Court has considered MSP's arguments in this regard, D. 287 at 12-14, and concludes that these prior reductions by Riley appropriately reflects these concerns, particularly when it is paired with the 10% reduction in partner hours (and corresponding 10% increase in associate hours) that the Court is also making.  Lastly, the Court notes that although this case involved a single plaintiff against an institutional defendant, many phases of the

litigation were hotly contested including discovery, summary judgment and a number of substantive motions in limine in the lead-up to a trial that lasted approximately seven days and at which Riley prevailed.   That is, as reduced for the considerations explained above (and demonstrated below), the Court concludes this award is reasonable in the context of the claims, scope of litigation and the result achieved for Riley.

*Costs*.  As MSP does not dispute the costs sought by Riley and the Court find these costs to be reasonable expenses of litigation supported by the record, see D. 272 at 12-13 and exhibit cited, the Court awards costs in the amount of $57,740.93.

**Conclusion**

Accordingly, for the reasons stated above and as reflected in the calculations below, the Court awards attorneys' fees in the amount of $960,042.20 and costs of $57,740.93.

| | |
|---|---|
| Total hours expended | 3,077.30 |
| Reduction made by Riley | 526.10 |
| | 2,551.20 |

Lodestar calculation[1]:

| | | | | |
|---|---|---|---|---|
| Attorney Messing | 845.91* x | $600 | = | $ 507,546.00 |
| Attorney Weliky | 925.29* x | $525 | | $ 485,777.25 |
| Attorney Rudavsky | 3.30 x | $600 | | $ 1,980.00 |
| Attorney Bogan-Farber | 299.64+ x | $350 | | $ 104,874.00 |
| (Contract) attorneys | 259.93+ x | $350 | | $ 90,975.50 |
| Paralegals | 71.20 x | $125** | | $ 8,900.00 |
| Subtotal: | | | | $1,200,052.75 |
| Less 20% (as made by Riley) | | | | - 240,010.55 |
| **Attorneys' Fee Award** | | | | **$ 960,042.20** |
| **Total costs** | | | | **+ $ 57,740.93** |
| **Total Award** | | | | **$1,017,783.13** |

[1]*=reduced by 10%; +=increased by 10%; **=reduced from $175/hour to $125/hour.

**So Ordered.**

/s/ Denise J. Casper
United States District Judge